(No. 42424.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANK WASHINGTON, Appellant.

*Opinion filed May 27, 1970.*

WARD, J., took no part.

JOHN M. FURLONG, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and DONALD N. NOVELLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

The defendant was found guilty of unlawful possession of narcotic drugs by the circuit court of Cook County and was sentenced for a term of years not less than 5 nor more than 10. An appeal was taken and the conviction was affirmed by both the appellate court and this court. The petitioner then filed his petition for relief under the Post-Conviction Hearing Act, and the trial court, after hearing arguments for the State and petitioner, granted the State's motion for dismissal, from which the defendant now appeals.

The defendant's first argument is that there was a substantial denial of his constitutional rights in that the search warrant leading to his arrest was defective. We find that the defendant had previously set out this argument in his appeal to the appellate court. That court disposed of all allegations directed at the validity of the warrant and the cir-. cumstances surrounding its issuance by holding, in *People* v. *Washington,* 81 Ill. App. 2d 90, that the record revealed no motion by the defendant's privately selected counsel to suppress the evidence obtained pursuant to the search warrant; consequently the search warrant was not a part of the record and not properly presented before the court. We believe that ruling by the appellate court is *res judicata* of any attempt to introduce the same argument in the post-conviction hearing. As we have said in the past, the Post-Conviction Hearing Act is not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional right where there has already been a full and final review of the issues raised. *People* v. *Hill,* 39 Ill.2d 61.

The defendant also alleges that he did not waive his constitutional right to be free from unreasonable search and seizure and to complain of the introduction of the items seized pursuant to the above mentioned warrant. However, we note from the record that no objection was raised at the trial to the introduction of such evidence. The defendant

relies upon *People* v. *Johnson*, 38 Ill.2d 399, wherein we decided the defendant had not knowingly waived his constitutional right against illegal search and seizure. However, we believe that case to be distinguishable because when the defense counsel in that case sought for the first time to explore the circumstances surrounding the defendant's arrest, the trial court, supported by the prosecutor's erroneous statement, foreclosed this area of inquiry, informing him that a hearing had already been held on the subject. In *People* v. *Johnson*, we pointed out that it would seemingly have been useless for counsel to pursue this line of inquiry or to object, either by filing a motion to suppress or making some other specific objection, to the admission of the evidence. However, in the case before us no erroneous statement was made by the prosecutor to indicate that an objection would have been useless. It is well settled that reviewing courts will not consider the question of illegal search and seizure, even though pursuant to an illegal arrest, where it has not been raised in the trial court. *People* v. *Green*, 36 Ill.2d 349.

The defendant's final contention is that the trial court erred in dismissing the petition on the State's motion without holding an evidentiary hearing on the matter. In our opinion, the action of the trial court was proper and the defendant's present contentions are barred. On the defendant's earlier appeal to this court (*People* v. *Washington*, 41 Ill.2d 16), his contentions were (1) that his constitutional rights were violated when, on the day set for trial, the judge denied defendant's request for time to obtain different counsel; and (2) that the representation provided by his privately retained counsel amounted to a violation of defendant's constitutional right to counsel because the attorney failed to move to quash the search warrant and suppress the evidence seized thereunder. The basic ground upon which the defendant now attacks the validity of the judgment is the same—violation of his constitutional rights.

However, the facts before us now are the identical facts upon which his earlier claim was based. We feel the constitutional ground upon which the defendant now seeks relief is basically the same ground advanced in his earlier appeal.

A proceeding under the Post-Conviction Hearing Act is a new proceeding for the purpose of inquiring into the constitutional phases of the original conviction which have not already been adjudicated. (*People* v. *Ashley*, 34 Ill.2d 402.) No new matters are presented in this proceeding which have not already been considered and reviewed by this court. The judgment of the circuit court of Cook County is, therefore, affirmed.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.