2 Ill. App.3d 553 (1971)
276 N.E.2d 818
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
CHARLES HOWLAND, Defendant-Appellant.
No. 70-170.
Illinois Appellate Court  Fifth District.
November 12, 1971.
*554 Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.
R.W. Griffith, State's Attorney, of Edwardsville, for the People.
Judgment affirmed.
Mr. JUSTICE CREBS delivered the opinion of the court:
Charles Howland pled guilty to the crime of theft of property in excess of $150 in value in violation of Ill. Rev. Stat., ch. 38, par. 16-1 on May 26, 1970, and was sentenced on June 2, 1970, to a minimum of one year and a maximum of five years in the penitentiary. At the time of sentencing a burglary charge against him was nolle prossed.
He contends on this appeal that his plea was not voluntary and that the unusual circumstances of his plea required the trial judge to make a factual determination for the basis of his plea prior to accepting his plea of guilty.
 1 The record clearly reflects that the defendant was thoroughly advised of the consequences of his plea by the trial court and thoroughly understood them prior to entering his plea of guilty. The record also clearly discloses that prior to accepting his plea of guilty the trial court admonished the defendant that he was not bound by any agreement between the defendant and his counsel and the State's Attorney's office.
 2 Prior to the sentencing of the defendant on June 2, 1970, the following transpired:
"THE COURT: Any recommendations here?
MR. BYRON: Yes. The People would make the following recommendation, that this defendant be sentenced to the penitentiary for not less than one year nor more than one year and one day, with credit given for such time since he was taken into custody in December, 1969 to the present time. We would like to state to the court we strenuously urge this recommendation because one, the Granite City Police Department has gone along with the recommendation, in fact participated in making the recommendation; secondly, the recommendation was made in *555 light of the fact we had two cases, one exceptionally weak, and the other was, we would say, was weak and based on this evidence and based on the fact this defendant would plead guilty to a felony charge, would give him a second felony charge, which we thought would be some punishment. And secondly a penitentiary sentence was required which would also be punishment under the circumstances."
Illinois Supreme Court Rule 402(c) which became effective September 1, 1970 now provides:
"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."
Appellant states that this rule reflects the law as it existed in Illinois prior to its adoption. He does not quote any authority or make any argument in support of his statement. We are unable to perceive why Rule 402(c) should be applied retroactively. In our opinion the rationale of our Supreme Court in People v. Williams, 44 Ill.2d 334, 255 N.E.2d 385, supports our position.
 Appellant argues that since the state's attorney stated the cases were weak, this forms some basis for allowing him to withdraw his plea. The weakness of the state's cases has no necessary connection with defendant's guilt. Appellant was indicted on both charges by the Grand Jury. Only after trial of both charges had started and a jury had been selected did appellant enter the guilty plea here involved.
 4 The recommendation of the State's Attorney for a sentence of from one year to one year and a day violated the spirit and purpose of the indeterminate sentence law. The trial judge imposed a proper sentence after a proper admonishment.
Under the circumstances of this case, we would not be justified in overturning that judgment because the procedure did not comply with a subsequently adopted rule.
Judgment affirmed.
MORAN and JONES, JJ., concur.