THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM H. PALMER, Defendant-Appellant.

(No. 56527;

First District—October 20, 1972.

Patrick J. Hughes, Jr., of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Nicholas A. DeJohn, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is an appeal from the denial of defendant's Amended Post-Conviction Petition which alleged, in effect, that there had been a misunderstanding when the trial judge had accepted a guilty plea on defendant's behalf.

On November 14, 1967, defendant was indicted for the offense of murder. (Ill. Rev. Stat. 1965, ch. 38, par. 9—1.) On December 11, 1967, the court appointed an attorney to represent defendant, and a plea of not guilty was entered. After a change of attorneys, with defendant then being represented by privately retained counsel, the case was called for trial on May 6, 1969, at which time defendant's attorney stated to the court:

> "* * * I have had a substantial conference with my client this morning and as of yesterday, and after a full conference with him he has authorized me to move the Court to withdraw his plea of not guilty to the indictment of murder and enter a plea of guilty to involuntary manslaughter which is an included count in the indictment."

The following colloquy then took place in the courtroom but out of the presence of the prospective jurors:

> "State's Attorney: Judge, in view of the representations which have just been made to the Court, the State at this time would move to reduce the charge in the indictment from murder to voluntary manslaughter.
>
> Court: * * * Now, Mr. Palmer, do you know what a jury trial is?

Defendant: Yes, I do.

Court: And do you realize that when you withdraw your plea of not guilty to the reduced charge of involuntary manslaughter—

State's Attorney: Judge, this is voluntary.

Court: Sorry.

State's Attorney: I think the correction should also be made on the plea.

Defense Counsel: We will change it accordingly.

Court: In other words, the plea is to voluntary manslaughter. When you withdraw your plea of not guilty and enter a plea of guilty, you automatically waive your right of trial by jury. Do you understand that?

Defendant: Yes.

Court: Now, on a plea of guilty to voluntary manslaughter, I could sentence you to the penitentiary for a term of not less than one year, nor more than twenty years. Knowing this do you still persist in your plea of guilty?

Defendant: Yes.

Court: Now, has there been any coercion or force been used upon you to induce a plea of guilty?

Defendant: No.

Court: You do this voluntarily of your own free will?

Defendant: That's right.

Court: All right, I will take the plea."

Whereupon, the State's Attorney informed the court that defendant had entered into a stipulation with the State to the effect that:

"* * * Indictment 67-3872 which now charges this defendant with the crime of voluntary manslaughter is true and correct, that the indictment is so drawn that the defendant can intelligently plead to it;

Further, that the facts which the State would introduce into evidence at a trial of this cause, if that event arose, would be sufficient as a matter of law to sustain a conviction to the charge of voluntary manslaughter."

The trial court then sentenced defendant to a term of not less than three nor more than ten years, and informed him of his right to appeal within 30 days and of his right to have an attorney appointed for him if he did not have the funds with which to employ private counsel.

Defendant did appeal, and the issue raised therein was that the trial court erred in accepting defendant's guilty plea by failing to ascertain in open court whether defendant understood the nature of the charge

against him and by failing to warn him that, by pleading guilty, he waived his right to confront his accusers and his privilege against self-incrimination. This Court affirmed defendant's conviction in *People v. Palmer*, 1 Ill.App.3d 492, 274 N.E.2d 910.

On August 21, 1969, pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), defendant filed a Petition for Post-Conviction Relief, asserting his indigency and claiming that his conviction was obtained in violation of his constitutional rights.

On December 4, 1969, an Amended Petition was filed alleging that certain representations had been made to him by his attorney which were the basis for his guilty plea, and that, as it turned out, such representations were inaccurate as to the sentence imposed. The State filed a motion to dismiss defendant's petition, which was denied by the court, and the petition was set down for an evidentiary hearing. The only two witnesses to testify were the defendant and William C. Starke, the attorney who had represented him at the time of his guilty plea. The court found that defendant's guilty plea had been knowingly and voluntarily entered, and denied defendant's petition for relief. Defendant now appeals from that ruling, raising only one issue, namely, that he was denied due process of law when the court accepted his plea of guilty without a showing on the record that there was a factual basis for his guilt.

■■ Although this issue was not raised in defendant's Amended Post-Conviction Petition or during the evidentiary hearing (Ill. Rev. Stat. 1971, ch. 38, par. 122—3; *People v. Eldredge*, 41 Ill.2d 520, 528, 244 N.E.2d 151, 155), and although this issue could have been raised on the direct appeal of defendant's conviction (*People v. Washington*, 45 Ill.2d 477, 478, 259 N.E.2d 276, 277), we have chosen to look at the record, and we find that defendant's guilty plea was properly accepted by the court.

Defendant contends that the record shows there was confusion between the court and both the State's Attorney and defense counsel as to whether the reduced charge was voluntary or involuntary manslaughter. Defendant asserts, then, that since no one asked if he knew the difference between the two offenses, he had no way of knowing whether the wrongful conduct he admitted to by pleading guilty actually came within the elements of the reduced charge. In such a case, he argues, it was incumbent upon the court to determine that there was a factual basis for his guilty plea, and the failure of the court to do so amounted to a violation of his constitutional rights.

There is nothing in the record to indicate that the trial judge did not have knowledge of the facts underlying the offense charged against de-

fendant. It can be inferred from the action of the court in first having a pre-trial conference with both the State's Attorney and defense counsel and in then allowing the original charge to be reduced, that the judge did, in fact, know that there was a factual basis for defendant's guilty plea. The only error that could be cited concerning this procedure is that the factual basis was not made to appear of record. However, at the time defendant entered his guilty plea, there was no requirement by statute or rule that the factual basis for a guilty plea be shown on the record.

■■ Defendant entered his plea of guilty on May 6, 1969. At that time, the procedure for accepting guilty pleas was governed by Ill. Rev. Stat. 1967, ch. 38, par. 115—2, and Ill. Rev. Stat. 1967, ch. 110A, par. 401, both of which were fully complied with. The trial court was not required to determine that a factual basis existed for a defendant's guilty plea until the adoption of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)), which reads, "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." However, that rule was not effective until September 17, 1970, more than a year after defendant's conviction. The law is clear that Rule 402 will not be applied retroactively, and is, therefore, inapplicable to the instant case. (*People v. Nardi*, 48 Ill.2d 111, 116, 268 N.E.2d 389, 391-392; *People v. Howland*, 2 Ill.App.3d 553, 555, 276 N.E.2d 818, 819; *People v. Cook*, 1 Ill.App.3d 292, 295, 274 N.E.2d 209, 212.) Note also the like treatment of the comparable Federal Rule 11 in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166 and *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498.

■■ Defendant also cites as error the fact that he was never asked to state in his own words that he was guilty of committing a criminal action. He argues that he never acknowledged guilt of either voluntary or involuntary manslaughter since it was his attorney who entered a plea of guilty for him to the charge of involuntary manslaughter, and who later responded, "We will change it accordingly" when the State's Attorney pointed out the mistake and the record was corrected to indicate a plea of guilty to voluntary manslaughter. The gravity of his never having admitted guilt, defendant contends, is that without such an admission, he could not comprehend the nature of the charge against him, and, therefore, could not have knowingly and voluntarily entered his guilty plea. There might be merit to this point if defendant had not been represented by counsel, but he had the assistance of privately retained counsel, who acted as defendant's agent, and defendant is now bound by his attorney's actions. (See *People v. Sailor*, 43 Ill.2d 256, 260, 253 N.E.2d 397, 399.) It is also to be noted that defendant stood beside his attorney in the courtroom and remained silent while this part of the proceedings

took place, and that he then stated, in reply to the court's question, that he was satisfied with his attorney. Further, his Post-Conviction Petition makes no claim as to the incompetency of counsel, which the record could not support in any event. .

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.