THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURT BURROUGHS, Defendant-Appellant.

(No. 72-75;

Third District—March 22, 1973.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Defendant was convicted of the theft of four tires and rims exceeding $150.00 in value.

At the trial defendant denied his connection with the offense. A signed written confession was introduced into evidence.

Evidence pertinent to this review disclosed that a police officer observed an automobile leaving a construction storage lot adjacent to an automobile dealer's place of business at a time of day when no one was generally in the storage area. The officer chased the automobile but lost sight of it. A second police officer, in response to a call, saw a similar

automobile and followed it to a point where it was found abandoned. The officers believed it was the same automobile. They could observe three old tires and one new tire in the back seat of the automobile. A check at the automobile dealership disclosed that four tires and rims had been taken from two automobiles.

The abandoned automobile was towed to the police station. The new tire with a rim was removed from the back seat. The trunk of the automobile was forcibly opened, without a search warrant, and three additional tires and rims were found. These tires were similar to the one found in the back seat of the automobile and to the four tires missing from the automobile dealership. Testimony was introduced that each tire and rim had a value of $75.00 to $90.00.

Defendant contends that the search and seizure of three tires and rims from the trunk without a warrant was illegal and they cannot be used to support a conviction of a theft of property of the value of over $150.00. Further, that the only proper evidence would be the one tire and rim in the back seat of the car. Since the value of this property would be less than $150.00, the offense would be reduced from a felony to a misdemeanor.

■■ Defendant was represented by private counsel in the trial court and failed to move in that court for suppression of the three tires and rims. He urges that this question should be considered for the first time on review in this court, by reason of Supreme Court Rule 615, as a plain error or defect affecting substantial rights of the defendant although not brought to the attention of the trial court. We cannot agree. Under the facts of this case we feel bound by the rule that a reviewing court will not consider the question of illegal search and seizure where it has not been raised in the trial court. *People v. Harris*, 33 Ill.2d 389, 211 N.E.2d 693; *People v. Cassell*, 101 Ill.App.2d 279, 243 N.E.2d 363; *People v. Green*, 36 Ill.2d 349, 223 N.E.2d 101; *People v. Washington*, 45 Ill.2d 477, 259 N.E.2d 276; *People v. Moore*, 43 Ill.2d 102, 251 N.E.2d 181; *People v. Adams*, 41 Ill.2d 98, 242 N.E.2d 167.

■■ While not necessary to our decision, we are of the opinion that the search of the trunk was legal and proper and did not adversely affect any substantial right of the defendant.

*Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022, reviews warrantless search of automobiles. It points out that a warrantless search of an automobile may be made where the officer shall have reasonable or probable cause for believing that the automobile contains stolen or contraband articles. It further points out that it is not unreasonable to take the automobile to the police station and search it there.

In this case there was reasonable or probable cause for believing there were stolen tires and rims in the trunk of the automobile and the search at the police station, under the circumstances of this case, was not unreasonable. *People v. Ricketson,* 129 Ill.App.2d 365, 264 N.E.2d 220.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.