(No. 34887.—

EUSEBIUS J. BIGGS, Appellant, *vs.* ROY F. CUMMINS, Director of Labor, Appellee.

*Opinion filed March 20, 1959—Rehearing denied May 19, 1959.*

E. J. BIGGS, of Chicago, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellee.

Per CURIAM: Eusebius J. Biggs comes to this court again *pro se* as appellant, seeking to rectify some adverse rulings entered by the circuit court of Cook County. This is the third time Biggs has appealed to this court presenting the same contentions. The two previous cases are *Pipe Trades, Inc.* v. *Rauch,* 2 Ill.2d 278, 118 N.E.2d 319, and *Biggs* v. *Cummins,* 5 Ill.2d 512, 126 N.E.2d 208.

It is impossible to determine from appellant's brief and the abstract just what appellant is complaining about. The brief asserts that certain provisions of the Unemployment Compensation Act are unconstitutional on their face, accuses various assistants Attorney General of violation of their duties, and requests that the trial judge be held in contempt of court.

Biggs has been coming to this court for more than ten years representing himself. Being untrained in the practice of law and unschooled in the field of coherent thinking and expression, he is most difficult to follow in both his oral and written presentation. We have patiently struggled with his labors.

The appellant has so concentrated upon his charges of unlawful conduct against almost everyone who had any connection with the case that it is impossible to determine what, if any, errors of the trial court are intended to be raised. For example, on page 6 of his brief he accuses one judge of falsifying a court record and on page 8 he accuses the Attorney General and circuit court of "conspiring to obtain a judgment by withholding evidence," and on page 9 he accuses the Attorney General's assistant "of altering the record," and on page 11 he requests that another judge be held in contempt of court "for violating the Criminal Statute known as falsifications of the court record." On page 12 he accuses an assistant Attorney General of dishonesty and making "false and untrue statements to the court."

This court should not be called upon to consider appeals thus presented. We deem it appropriate to reiterate the good advice that our Chief Justice gave Biggs at the conclusion of his recent appearance in our court, namely, "You should employ counsel to assist you in future litigation in this court as well as the lower court."

The plaintiff violated the rules of this court in the preparation of the abstract and briefs, and they contained scandalous and impertinent material. Consequently, the motion to strike the same will be allowed and the appeal dismissed.

*Appeal dismissed.*