THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD FRANKLIN EVANS, Defendant-Appellant.

(No. 11497;

Fourth District—August 23, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant.

L. Allan Watt, State's Attorney, of Winchester, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The jury found defendant guilty of burglary and he was sentenced to a term of six to twelve years. The only issues stated on appeal are asserted error in admitting into evidence a certain shirt because (1) it was taken from the floor of defendant's automobile without a search warrant, and (2) the shirt had "absolutely no connection with the alleged offense and served only to prejudice the jury".

The burglary occurred in the early morning hours of August 11, 1970, in Winchester, Scott County, Illinois, and was reported to the sheriff at about 8:00 A.M. Within a short time Gayle Evans, apparently not related to defendant, was identified as a participant in the burglary and taken into custody. At about 1:30 P.M., the sheriff made a radio request that the police in Jacksonville, Morgan County, Illinois, arrest defendant for the burglary. Defendant was taken into custody on the streets of Jacksonville at about 3:30 P.M., at which time he requested one of the arresting officers to drive his automobile to the police station. The car was parked in a lot adjacent to the police department.

Defendant was later removed to the Morgan County Jail. Scott County Deputy Crawford testified that he saw the defendant car at the police parking lot on August 11th, but did not examine it; that he returned on the morning of August 12th and looked into the car at which time he saw the shirt on the floor behind the front seat.

The apparent evidentiary significance of the shirt is that it bore some grease or soil markings which a jury might compare with those on a shirt admitted into evidence and admittedly worn by Gayle Evans as they crawled into a building after bending the blade of a ventilating fan.

It is urged that defendant had been taken into custody and that there were no exigent circumstances demanding a search of the car without a warrant, and no probable cause for such search. (*Coolidge v. New Hampshire,* 29 L.Ed.2d 564, 403 U.S. 443 was cited.) Upon the question of probable cause, *Preston v. United States,* 11 L.Ed.2d 777, 376 U.S. 364, and *People v. Robinson,* 40 Ill.2d 453, 240 N.E.2d 630, was cited. ■■ Upon this record, the case is controlled by *People v. Johnson,* 38 Ill.2d 399, 231 N.E.2d 447; *People v. Washington,* 45 Ill.2d 477, 259 N.E.2d 276 and *People v. Ramey,* 115 Ill.App.2d 431, 253 N.E.2d 688. We find that no motion to suppress was filed prior to trial and no objection to admissibility because of an illegal search and seizure was made at the time the shirt was offered in evidence, or at any time during the trial. In *Johnson,* it is stated that as a correlative of the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 114—12, the reviewing courts will not consider the question of illegal search and seizure which has not been raised in the trial court. It was ruled that the issue should be raised

before trial unless there was no opportunity to do so, or the defendant was not aware of the grounds for the motion prior to trial. The rule was reiterated in *Washington* in the context of a post-conviction proceeding.

While the stated rule governs this case, we have also examined the record. The market owner testified that some $760 was taken and particularly identified was a peculiarly torn and patched ten ($10.00) dollar bill. The testimony shows that on the morning of August 12th, defendant had obtained $300 in travellers checks at a Jacksonville Bank, presenting currency which included the mutilated ten dollar bill. The checks were in his possession when arrested. The defendant was admittedly in and about a tavern in the vicinity of the burgled market at the time of the burglary.

Gayle Evans, as accomplice, who had pleaded guilty and received probation, testified to the fact of the burglary and defendant's participation. The witness was a local boy with no prior criminal record, and the record shows no particular self-serving statements. Defendant argues that the testimony of an accomplice must be viewed with caution, citing *People v. Johnson*, 317 Ill. 430, 148 N.E. 255. This case is distinguished in that there was a corroboration of the testimony of the accomplice in terms of the possession of the currency and the identified ten dollar bill.

Defendant testified in his own behalf, admitting his presence in the area and that he had talked with Gayle Evans during that evening. He introduced evidence that the shirt did not belong to him and was two sizes too large.

Defendant undertook to explain his possession of the $300 by stating that at about 2:00 A.M. he had gone to the home of his mother and told her that he was going to Indiana on that day to get married, and that she thereupon gave him $300. The girl he stated that he was going to marry was with him on the night in question and accompanied him to his mother's home. So far as the record discloses, each of these potential corrobarting witnesses lived nearby, but neither undertook to testify as to the several transactions. Again, defendant was arrested at 3:00 P.M. on the streets in Jacksonville with no apparent preparation to go to Indiana for the stated purpose on that day. Defendant apparently sought to explain his possession of the mutilated ten dollar bill by testimony that he had asked Gayle Evans for a loan of $5.00 on the night of August 11th and that later the latter gave him $50.00. Gayle Evans denied such gift.

■■ Where a defendant injects into his case his activities with one or more persons ostensibly for the purpose of proving his innocence, his failure to produce such persons as witnesses is a proper subject of

consideration. *People v. Back,* (Ill.App.2d), 273 N.E.2d 169; *People v. Durso,* 40 Ill.2d 242, 239 N.E.2d 842; *People v. Garnett,* 113 Ill.App.2d 159, 251 N.E.2d 761.

■■ We note that in another aspect, the defendant, in fact, argues that the evidence is not plainly relevant as it was not sufficiently connected with the offense. Neither of the cited *People v. Allen,* 17 Ill.2d 55, 160 N.E.2d 818, nor *People v. Jones,* 22 Ill.2d 592, 177 N.E.2d 112, sustain the contention that there was reversible error on this ground.

■■ Such record leads to the conclusion that absent the controlling Illinois authorities cited, any error asserted in the admission of the evidence would be harmless under the facts as in *Harrington v. California,* 23 L.Ed.2d 284, 395 U.S. 250. The shirt at issue is not plainly important and persuasive in circumstances where the question of guilt or innocence is a close one. *Chapman v. California,* 17 L.Ed.2d 705, at p. 710, 386 U.S. 18 at 23.

The judgment is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.