THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARSHALL BURTON, Defendant-Appellant.

(No. 12038;

Fourth District—October 24, 1973.

John F. McNichols, Deputy Defender, of Chicago, (J. Daniel Stewart, Assistant Appellate Defender, of counsel,) for appellant.

Richard J. Doyle, State's Attorney, of Danville, (John R. McClory, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

■■ This is an appeal from an order of the circuit court of Vermilion County revoking the defendant's probation for burglary and imposing a sentence of 1½ to 5 years in the penitentiary. The only relief requested in this court is an order that the defendant be credited with the time successfully completed on probation as required by section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4)), effective January 1, 1973. Notice of appeal was filed on October 13, 1972. Accordingly, this case was on direct appeal and not finally adjudicated on January 1, 1973, and the sentence provisions of the Unified Code of Corrections are therefore applicable. *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey*, 53 Ill.2d 583, 294 N.E.2d 263.

■■ Section 117—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(a)) and section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(a)) provide that the issuance of an arrest warrant tolls the running of a probation period. Accordingly, the defendant is entitled to credit on his sentence for the time he was on probation—computed from the date he was placed on probation to the date that a bench warrant issued for his arrest.

■■ Accordingly, this cause is remanded to that court with directions to issue an amended *mittimus* reflecting credit for the time served on probation. See our *People v. Johnson*, 13 Ill.App.3d 1020, and our *People v. Murray*, 13 Ill.App.3d 987.

Cause remanded with directions.

TRAPP and SIMKINS, JJ., concur.