THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE HOLTON, Defendant-Appellant.

(No. 73-120;

Fifth District—April 5, 1974.

Robert F. Godfrey, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney, of Belleville (C. H. Stegmeyer, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of St. Clair County revoking appellant's probation and imposing a sentence of 1 to 3 years' imprisonment. Appellant, Eugene Holton, pleaded guilty to robbery and was placed on probation for 3 years on September 10, 1969 under conditions of section 117—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 117—2(a)), including the provision against further violation of law. Two years and two months later a petition to revoke probation was filed, alleging commission of battery on two separate occasions, oral threats on the lives of four separate individuals, and one instance of trespass. A warrant was issued for the arrest of defendant for probation violation on November 15, 1971. A supplemental petition to revoke probation was filed subsequently, alleging, in addition to the above, an oral threat on the life of another individual and the commission of another battery. A protracted hearing was conducted at which facts relating to the above incidents were presented.

In *People v. Dotson,* 111 Ill.App.2d 306, 250 N.E.2d 174, we described the guidelines for the revocation procedure.

■■ Here a contention is that the State failed to prove by a preponderance of the evidence that the defendant was guilty of violating his probation. Numerous witnesses testified concerning the incidents alleged in the petition to revoke, both for the State and for appellant, the testimony in many instances was in conflict. In *People v. Crowell,* 53 Ill.2d 447, 451, 292 N.E.2d 721, 723, affirming this court, the supreme court said:

> "[T]he finding of a violation of probation will not be disturbed simply because of a conflict in evidence. The trial judge who heard the evidence was in a better position to weigh the testimony of the witnesses than is a reviewing court, and we will substitute our judgment for that of the trial court only when the testimony is contrary to the manifest weight of the evidence and not where the evidence is merely conflicting. *People v. Guido* (1962), 25 Ill.2d 204, 208, 184 N.E.2d 858."

In *People v. Shadowens,* 10 Ill.App.3d 450, 452, 294 N.E.2d 107, 109, we said:

"The credibility of witnesses and the weight to be given their evidence are matters for the finders of fact and should not be disturbed except where the evidence is so unsatisfactory as not to sustain the burden of proof. (*People v. Hampton,* 44 Ill.2d 41, 253 N.E.2d 385)."

Our review of this record discloses that the evidence is satisfactory to sustain the burden of proof required on some of the alleged violations. We therefore affirm the revocation.

■■ The next contention is that the sentence is excessive. Under the statute in effect at the time of sentencing (Ill. Rev. Stat. 1971, ch. 38, par. 18—1), a minimum of 1 and a maximum of 20 years was provided. Under section 5—8—1(b)(3) of the Unified Code of Corrections which is applicable (*People v. Shadowens, supra*), a 1-to-20-year sentence is likewise provided. Here the minimum sentence applicable was imposed. We find no abuse of discretion in imposition of the sentence.

■■ Defendant is entitled to credit on his sentence for the time he was on probation, computed from the date of the order placing him on probation to the date that a warrant was issued for his arrest on the petition for revocation. Section 5—6—4(a)(h) of the Unified Code of Corrections; *People v. Burton,* 14 Ill.App.3d 1096, 303 N.E.2d 16; *People v. Blake,* 15 Ill.App.3d 39, 303 N.E.2d 419.

We therefore affirm.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.