THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRENDA TERVIN (PREWITT), Defendant-Appellant.

(No. 12343; 

Fourth District—October 31, 1974.

John F. McNichols and J. Daniel Stewart, of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Kai A. Wallis, of Circuit Attorney's Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Brenda Tervin Prewitt, appeals from her conviction after a bench trial for the offense of forgery in violation of section 17—3 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 17—3) and from a sentence imposed of 1 to 3 years imprisonment. Defendant raises three issues for resolution by this court: (1) Whether the court erred in giving substantial weight to the failure of defendant's husband to testify; (2) Whether defendant was proven guilty beyond a reasonable doubt; and (3) Whether the trial court abused its discretion in denying defendant probation.

On December 12, 1972, defendant was indicted for forging the signature of a Robert Bricker on a check payable to the order of Mary Lou Cochran in the amount of $45. A trial was held on May 15, 1973. Robert Bricker testified that he had a checking account at the American State

Bank in Bloomington, Illinois, which had been closed out before August 28, 1972, the date appearing on the check in question. He stated that he had stayed with defendant and her husband sometime before the incident in question. He further stated that he did not on August 28, 1972, write a check to Mary Lou Cochran using a check from his old account at the American State Bank. Donald Reed testified that on the evening of August 28, 1972, he was at defendant's trailer with defendant, her husband, and his wife, Ruby Reed, and observed defendant write the check in question by writing in the name of Robert Bricker on the signature line and making it payable to Mary Lou Cochran in the amount of $45. He testified that afterwards everyone went to the Owens gas station, and once there defendant handed the check to his wife who proceeded to cash it. He stated that after purchasing some gas and cigarettes the remaining proceeds from the check were given to his wife who handed the money to defendant who divided it evenly. Reed then admitted that he had previously been convicted of forgery as a result of the incident and had been sentenced to 2 years' probation. Ruby Reed testified that on the evening of August 28, 1972, she was at the defendant's trailer with her husband, Donald Reed, and observed defendant write the check in question by writing in Robert Bricker's name on the signature line and making it payable to Mary Lou Cochran in the amount of $45. She stated that afterwards everyone got into the car and went to the Owens gas station where defendant handed her the check which she proceeded to cash. She stated that after purchasing some gas, the remaining proceeds of the check were handed to her and later divided between defendant and herself. Defendant testified that she did not write the check in question, and that she was with her husband and the Reeds on the date in question merely to help move. She further testified that she did not accompany the Reeds to the Owens gas station. Defendant was then found guilty of forgery. On May 23, 1973, a sentencing hearing was held. On June 4, 1973, defendant's request for probation was denied, and defendant was sentenced to 1 to 3 years' imprisonment.

■■ Defendant first contends that the court erred in giving substantial weight to the failure of defendant's husband to testify in her behalf. Before entering judgment the court stated:

"* * * I have observed all three witnesses. There is one other factor, however, there is an additional party who might have been called as a witness by either side in this case, who was present according to all the testimony, who was present at least that day, according to the Reeds who were present at the occurrence and witnessed the situation. He would be, because of his marital relationship, peculiarly under the control, at least as far as the court

is concerned at this point, it is unexplained as to why he was either not available or because of some domestic problem, or whatever, has not testified in this particular situation, and the Court must weigh that as part of the evidence in the case as well. And I have nothing from the other witness who might have corroborated Mrs. Prewitt's testimony in this particular matter, and I think that the State has established its case beyond a reasonable doubt, and the Court is satisfied that she did in fact write this check and that she knew what the purpose was for it at the particular time * * *."

We feel that a reading of the court's statement as a whole does not indicate that the failure of defendant's husband to testify was a substantial factor leading to her conviction. Indeed, two other witnesses testified to observing defendant write the check in question. The testimony of these witnesses were not rebutted except for defendant's own testimony that although she was present at the trailer at the time in question, she did not write the check. Obviously the most important factor leading to her conviction was her failure to persuasively rebutt the direct testimony of the other two witnesses and not the fact that her husband didn't testify. Nevertheless, this court has held that where a defendant injects into his case his activities with others for the purpose of proving his innocence, failure to produce such a person as a witness is a proper subject for consideration. (*People v. Evans*, 7 Ill.App.3d 52, 286 N.E.2d 576 (4th Dist.).) Such is the case here for even defendant admitted that she was at the trailer *with her husband* on the evening in question.

■■ Defendant next contends that she was not proven guilty beyond a reasonable doubt. We do not agree. Both Donald and Ruby Reed testified that they saw defendant write the check in question, and their testimony concerning the events on the evening in question reveal only minor discrepancies. We agree that the testimony of accomplices is subject to "grave suspicion" and must be acted upon with grave caution. (*People v. Tillman*, 130 Ill.App.2d 743, 265 N.E.2d 904 (4th Dist.).) However, such testimony even if attended with infirmities and uncorroborated, is sufficient to convict if it satisfies the trier of fact beyond a reasonable doubt. (*People v. Wollenberg*, 37 Ill.2d 480, 229 N.E.2d 490.) Nevertheless, in the instant case the accomplice testimony was not rebutted by any type of credible evidence and was materially corroborated. Indeed, Robert Bricker testified that he lived with defendant and her husband sometime before the incident in question, and defendant testified that she had seen checks belonging to Bricker when Bricker was staying at the Roy Prewitt residence. Furthermore, even defendant ad-

mitted that she was at her trailer with the Reeds on the evening in question.

■■ Defendant finally contends that the trial court abused its discretion in denying defendant probation. We do not agree. It is well established that probation is purely a discretionary matter that is vested in the trial court, and the scope of review exercised by this court on a matter regarding the denial of probation is limited. (*People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300.) Indeed, in the present case we note that at the time of offense in question defendant was on probation for a deceptive practices charge involving a similar "check-cashing" incident.

Accordingly, for the reasons stated above the judgment and sentence imposed by the circuit court of McLean county is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.