THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EUGENE
PETTY, Defendant-Appellant.

(No. 13013; )

Fourth District—November 6, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (John R. DeLa Mar, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Eugene Petty was convicted of the offense of burglary in a jury trial in the Circuit Court of Champaign County. He was subsequently sentenced to a term of imprisonment of not less than 6 nor more than 18 years. The sole question raised on appeal is whether the sentence of not less than 6 nor more than 18 years for the offense of burglary is excessive and should be reduced.

From the evidence it appears that defendant burglarized the home of a next door neighbor. One of the witnesses for the prosecution (age 15) testified that he aided his stepfather, Eugene Petty, in entry into the residence of the neighbor, Steven Patrick. Another stepson (age 17) also testified that he had helped defendant remove several items of personal property from the Steven Patrick home. Defendant denied the charges and stated that he was surprised to discover a color television set in his apartment. Several items of personal property in addition to the television set had been taken from the Steven Patrick residence.

Following the jury verdict of guilty, a sentencing hearing was conducted. The State offered no evidence in aggravation other than material contained in defendant's presentence report. The presentence report disclosed that defendant had been found guilty of forgery and was given

probation and that probation was revoked and he was sentenced from 5 to 14 years in the State penitentiary. He was thereafter paroled, but his parole was revoked. He was also found guilty of driving with no operator's license (for which he was fined), of deceptive practices (6 months at the State Penal Farm), and of another forgery charge for which he was sentenced to a term of from 3 to 9 years in the State penitentiary. This was followed by a deceptive practice conviction where he was granted a conditional discharge and a $25 fine plus costs, with restitution directed, but unpaid. The defendant was on parole at the time he was involved in the burglary in the instant case.

The defendant, his wife, and a friend offered testimony in mitigation, and following the sentencing hearing, the trial court sentenced defendant to a term of not less than 6 nor more than 18 years. The trial court stated at the time of sentencing "the reasons for this sentence and for the severity of this sentence are the protection of society and the effect it would have on other people."

The supreme court of this State in *People v. Morgan* (1974), 59 Ill.2d 276 (1974), set forth various factors to be considered in sentencing and included the seriousness of the crime, failure of defendant to show a penitent spirit, prior conviction, and the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, and the stimuli that motivate his conduct. Under the Unified Code of Corrections in addition to rehabilitation, it is indicated that the purpose of the Code is "to forbid and prevent the commission of offenses" (Ill. Rev. Stat. 1973, ch. 38, § 1001—1—2(b)). In the Code of Corrections, at section 5—8—1(c)(3), it is provided that the penalty for burglary shall be a minimum of one year "unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term." See Ill. Rev. Stat. 1973, ch. 38, § 19—1(b).

On appeal in this court defendant argues that his crime was by nature a nonviolent one. The State points out that this completely ignores the potential for violence to the resident and the perpetrator in any residential burglary. It is pointed out that defendant chose to burglarize the home of his next door neighbor where he stole numerous personal items, including rings and wristwatches and some personal belongings of the Patrick children. Some of the items were never recovered. Of greater significance, according to the State, is the fact that defendant chose to involve his 15-year-old stepson as an accomplice and told him to come with him and carry the stolen items to his own home. He also

involved a 17-year-old stepson after the burglary by giving him some of the proceeds.

The trial court, although aware of the role of rehabilitation in sentencing simply concluded that the defendant demonstrated very little rehabilitation inclination. It was pointed out that defendant has failed on both probation and parole. The fact that defendant had his parole revoked in 1965, and that, at the time of the offense under consideration, he was also on parole (the State argues), demonstrates the invalidity of defendant's argument that a high maximum sentence was sufficient to fulfill the "protective aspects of sentencing" and would insure that individuals remain incarcerated if they prove unresponsive to rehabilitative efforts while in prison.

Although defendant was able to achieve two years of college credits while incarcerated on previous occasions, and apparently has little trouble in obtaining employment, these factors had not deterred his commitment to a life of crime. Defendant, in fact, despite the evidence against him, refused to acknowledge his guilt of the crime under consideration. We see a great similarity in this case with the case of *People v. Gilbert*, 30 Ill.App.3d 155 (abstract opinion), in which a maximum sentence for burglary is affirmed. In that case this court noted in its opinion that defendant was on parole at the time of the offenses and had two prior felony convictions as well as misdemeanor and juvenile violations and had recruited younger accomplices. We are conscious of the warning of the Illinois Supreme Court in *People v. Morgan*, 59 Ill.2d 276, where the Supreme Court declared that a court of review should exercise the power to reduce sentences with great caution since the trial judge is normally in a superior position to evaluate the circumstances and to impose the appropriate sentence. It is pointed out in *People v. Morgan* that a sentence should not be modified unless it is greatly at variance with the purpose and spirit of the law or greatly disproportionate to the nature of the crime, provided it is within statutory limits.

For the reasons stated, therefore, we do not believe we would be justified in reducing the sentence in this cause in view of the record. The judgment of the Circuit Court of Champaign County will, therefore, be affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.