THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD E. BELLARS, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY SHIPP, JR., Defendant-Appellant.

Second District (1st Division)   Nos. 75-304, 75-370 cons.

Opinion filed May 12, 1976.

Ralph Ruebner, Daniel Cummings, Joshua Sachs, and Mark Schuster, all of State Appellate Defender's Office, of Elgin, for appellants.

Philip G. Reinhard, State's Attorney, of Rockford, and William E. Sisler, State's Attorney, of Freeport (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:
We have consolidated the above two cases for review in one opinion because each presents the common question of whether a trial judge must provide a specific statement of his reasons for not crediting a defendant with time served on probation or conditional discharge when a sentence is imposed upon revocation of probation or conditional discharge. The pertinent statutory provision, section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) provides:

"Resentencing after revocation of probation or of conditional discharge shall be under Article 4. Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

In No. 75-304 the defendant Bellars was convicted upon his plea of guilty to involuntary manslaughter and was sentenced to 5 years' probation to run concurrently with 2 years' periodic imprisonment. A condition of the probation was that he spend the first 6 months at the Wayside Cross Rescue Mission in Aurora, Illinois, under close supervision and controlled living conditions and not use alcoholic beverages. Thirty-eight days later, on February 4, 1975, the defendant absented himself from the Wayside Cross Rescue Mission and became intoxicated. A petition to revoke his probation was filed and after an extensive hearing the trial court revoked his probation and sentenced him to 3-10 years in the penitentiary on the original offense of involuntary manslaughter. The defendant was given credit for the time spent in jail at the time of his original apprehension until he was released on probation and was also given credit for the time he was incarcerated on February 4 until the date of sentencing upon revocation of probation. The court refused to give him credit for the time spent on probation and did not specifically state the reason therefor.

In No. 75-370 the defendant Shipp was convicted in early 1975 of battery and was given a 2-year conditional discharge by the trial court. Subsequently a petition to revoke defendant's conditional discharge was filed. At a hearing held on this petition on June 2, 1975, the State introduced evidence tending to establish defendant's commission of one count of aggravated battery, two counts of battery, and one count of reckless conduct. At the conclusion of such hearing the trial court concluded that a preponderance of the evidence established that two batteries and reckless conduct had been committed and revoked defendant's conditional discharge, sentencing him to 11 months in the penitentiary and specifically denying him credit for time spent on conditional discharge.

Each defendant has cited *Goldberg v. Kelly* (1970), 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011, for the proposition that due process requires a tribunal, in exercising its discretion, to state the basis for its decision. The defendant Bellars has also cited *Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484; 92 S. Ct. 2593; *Gagnon v. Scarpelli* (1973), 411 U.S. 36 L. Ed. 2d 656, 778, 93 S. Ct. 1756; and *Wolff v. McDonnell* (1974), 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963, for the proposition that findings of fact and supportive reasoning are fundamental elements of due process

which are applicable in situations in which a defendant's liberty is at stake.

We do not find the cases cited by the defendants controlling in a sentencing context. As the State points out by analogy, it has been held that a trial court need not state its reasons for imposing a greater than minimum sentence where the record discloses factors which justify the greater sentence and it appears that the trial court did consider them in imposing sentence. (See *People v. Taylor* (1974), 25 Ill. App. 3d 396, 323 N.E.2d 388; and *People v. Whitehead* (1975), 32 Ill. App. 3d 615, 336 N.E.2d 59.) This is true despite the language of section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)) that the minimum term of imprisonment upon conviction of a Class 2 or Class 3 felony "shall" be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term.

■■■ We find that the trial court is not required to state its reasons for not granting a defendant credit for time served on probation or conditional discharge if, in its discretion, the trial court decides that the defendant should not be so credited. If the record in either case indicated an arbitrary denial of credit we would order such credit pursuant to the power invested in this court under Supreme Court Rule 615(b). (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b).) However, the record in both of these cases shows that the denial of credit was not arbitrary. In the case of defendant Bellars, the defendant knew that his drinking in the past had resulted in one death and several other offenses, yet he chose to violate the express prohibition against his drinking during probation by becoming intoxicated 38 days after being placed on probation. In the case of defendant Shipp, the trial court's denial of credit for time spent on conditional discharge closely followed imposition of sentence upon the defendant. A fair reading of the record indicates that the reasons given by the court in explanation of the sentence imposed likewise explain the court's denial of credit for time spent on conditional discharge. Neither defendant has shown that he is entitled to credit for time spent on probation or conditional discharge or that remand for resentencing is in order. We therefore find no error in the judgments appealed from with respect to credit for time spent on probation or conditional discharge. Since this is the only issue raised by the defendant Shipp, the judgment in No. 75-370 is affirmed.

The defendant Bellars raises two additional contentions. First, defendant, in substance, contends that the State failed to prove by a preponderance of the evidence that defendant had violated his probation and that his intoxication was a *de minimus* violation which should not be allowed to form the basis for the revocation of probation. Second,

defendant contends that he was denied due process of law when he was found guilty of violating the terms of his probation.

An understanding of these additional contentions requires a further recitation of the facts of this case. On the night of May 24, 1974, police observed defendant driving erratically and in a subsequent chase, at speeds up to 100 mph, the defendant struck a motor vehicle, knocking it a distance of 200 feet and killing the occupant who was thrown from the vehicle. He was given an alcohol blood test and was measured at .304. The defendant had no memory of the accident. Defendant has a considerable criminal record, a significant portion of which is apparently attributable to drunkenness, including convictions for breaking and entering, armed robbery, drunken driving and reckless driving.

Defendant's contention that the State failed to prove by a preponderance of the evidence that he had violated the terms of his probation is belied by the fact that the defendant stipulated at the hearing on the revocation of his probation that he had, in fact, consumed alcoholic beverages on February 4, 1975. The defendant, however, goes on to state that in finding that defendant violated his probation the court improperly relied upon proof that defendant had gone to the City of Rockford from Kane County, contrary to the orders of the Winnebago County Probation Department. The defendant contends that the court merely made "passing references" to the fact that the defendant had admitted consuming alcoholic beverages in violation of the probation order. The court, in revoking his probation, stated:

> " * * * he was relegated to the Wayside Cross Rescue Mission in Aurora under terms clearly outlined to him * * * in the original order which concludes with a statement that the use of alcoholic beverages or drinking during the period of probation is forbidden."

The court further stated:

> "* * * that during this period of probation he should not drink any alcoholic beverages."

The court went on to say:

> " * * * that on the 4th of February the defendant not only absented himself without authority past the understood curfew hour, but also that he used alcoholic beverages which is the basis for the court sentence at this time."

The court further observed that the defendant was not being sentenced for his alcoholism but rather was being sentenced for the crime of involuntary manslaughter. A great portion of the defendant's argument is that the order of the probation officer prohibiting the defendant from going to the City of Rockford was not an order of court and by his doing so he did not violate any court imposed condition of his probation.

Defendant's second contention is that the probation officer did not have the power to unilaterally alter the terms of the defendant's probation and that in so doing the probation officer arbitrarily restricted the constitutional rights of the defendant to travel and associate freely.

■■ The court indicated that the original reason that this defendant, with his record relating to the use of alcohol, was placed in the Wayside Cross Rescue Mission was for the purpose of rehabilitation and that one of the specific conditions of the probation order was that he should not indulge in the use of alcohol. As indicated above, the court specifically found that he did violate his probation in this regard. It is true that the trial court found that "* * * the return to Rockford on these three occasions by the defendant amounted to violation of his probation as well as the violation that was admitted in the pleadings" but we find this to be immaterial. Whether he went to the City of Rockford in violation of the court's order or whether it was merely a violation of the probation officer's direction or order was not the sole basis for revocation. The defendant violated his probation by consuming alcoholic beverages on the 4th of February, 1975, resulting in his arrest. The defendant states that this violation, based on a single instance of the consumption of alcoholic beverages is *de minimus*. We do not agree. Before imposing sentence upon the defendant in the original instance at the time of his plea of guilty, the trial court conducted extensive hearings as to the possibility of rehabilitation of the defendant. As a result of this the defendant was given an opportunity to rehabilitate himself. The trial court, in revocation of probation, is in a far better position than this court to determine whether or not the defendant should be continued on probation or sentenced. Under the particular facts of this case it is obvious that the defendant was an alcoholic and was given every opportunity to rehabilitate himself. In the court's opinion he failed to do so. We do not choose to substitute our view for that of the trial judge who spent considerable time in attempting to rehabilitate or aid the defendant but who, in the court's opinion, has failed to avail himself of the opportunity afforded to him by the judicial grace of the probation order. At the time of sentencing, the court, in substance, stated that the defendant had failed to comply with the terms of probation which were established in the order of December 20, 1974, specifically that if the defendant took one drink or failed to cooperate with the people at the Wayside Cross Rescue Mission and their regulations that he would be incarcerated.

Therefore, the judgment in No. 75-304 is affirmed.

Judgments affirmed.

SEIDENFELD and HALLETT, JJ., concur.