THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JACOB DIXON, Defendant-Appellant.
Second District (2nd Division)    No. 75-528

Opinion filed September 10, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
The defendant was convicted of aggravated battery and on January 23, 1975, was placed on probation for three years by the circuit court of Lee County.

By the terms of his probation the defendant could not leave the State without "the consent of this court" and was required to report to the probation officer "at least once each month."

In April, 1975, the defendant informed the probation officer he intended to leave the State to seek employment down south. The probation officer told him he could not give him permission to leave the State unless and until the defendant could give him a permanent address and place of employment. The defendant replied he did not have either a permanent address or a place of employment at the moment but said he was going to Atlanta, Georgia. The defendant then left Illinois, without permission, and instead of going to Atlanta he actually went to a town in South Carolina. There, he testified, he obtained a job as a welder and worked at this job during May, June and July. In August, 1975, the defendant returned to Lee County and voluntarily contacted Mr. Green, his probation officer.

Upon his return a petition was filed by the State's Attorney for revocation of defendant's probation. At the revocation hearing it was established by the State's evidence that the defendant had left the State of Illinois without permission during May 1975, and had failed to contact his probation officer during May, June and July, 1975. The defendant testified that he went out-of-State only because he could not find employment locally, that he informed his probation officer that he was going and that he stayed out of trouble and was employed during the time he was gone. His probation violation, he contends, was purely technical and should not be a basis for revocation.

At the hearing his probation officer testified that the defendant had never been cooperative with him and that he had not told him the truth about where he was going when he left the State. Also, at the hearing, the defendant admitted leaving the State without permission and testified that he had not informed the probation officer correctly as to where in the south he intended to go because he was fearful that he might be found if a warrant was to be issued for his arrest. The court determined that the attitude and behavior of the defendant did not justify further consideration for probation and he revoked the defendant's probation and sentenced him to not less than 1½ years nor more than 5 years in the penitentiary with credit for time actually spent in jail but no credit for time on probation not spent in jail.

The defendant in this appeal raises three issues:

(1) His probation should be continued because the defendant committed no crimes while on probation and, in fact, was employed during the time he was absent from the State. Citing the Unified Code of Corrections, section 5—6—1(a)(1) and (2) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1(a)(1) and (2)) the defendant contends there is, therefore, no

showing that imprisonment is "necessary for the protection of the public," or that the defendant is "in need of correctional treatment that can most effectively be provided by a sentence to imprisonment." The defendant's violation of his probation is ascribed by him to his frustration in not being able to find employment in the immediate area following his release from periodic imprisonment. Defense counsel suggests that in keeping with the recommendation of the American Bar Association on Standards Relating to Probation 57 (Approved Draft 1970), defendant's probation should not be revoked without consideration of possible further alternatives.

(2) The defendant's second contention, with regard to the minimum sentence imposed by the court, being founded on the case of *People v. Bratcher* (1975), 29 Ill. App. 3d 202, and that case having been reversed by the Illinois Supreme Court in *People v. Bratcher* (1976), 63 Ill. 2d 534, is no longer viable and we do not consider it here.

(3) The defendant also contends he should have credit for all time spent on probation and that the court erred in not allowing such credit and in not making any findings of fact as to the basis of his ruling on that point.

■■ The defendant's argument that his probation should be continued because he did not commit any crimes during his time on probation; that he is not a threat to the public and that he is not in need of correctional treatment that can be most effectively provided by a sentence of imprisonment, is based on a misconception of the offense he is charged with in this case. The language of section 5—6—1 of the Unified Code of Corrections quoted by the defendant has reference to those considerations which determine in the first place whether a person should be placed on probation. They are not situations which have any relevance to a revocation hearing. After a person has been granted probation, based on the standards set forth under section 5—6—1 and violates the conditions of his probation, these considerations no longer apply to his situation. Probation is granted strictly on certain conditions and when these conditions are violated the defendant is automatically subject to the sentence of imprisonment which might have been imposed originally. In this case the defendant admits he violated the conditions of his probation. A prison sentence is therefore clearly within the discretion of the court and in accordance with public policy. We certainly cannot say the judge erred in imposing a prison sentence under these circumstances.

The defendant also contends the court erred in denying him credit against his prison sentence for the entire time he spent on probation. The court in imposing sentence stated that the defendant should not have credit for "street time" but only for time actually spent in jail. The defendant cites section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) which provides: "Time served on probation or conditional discharge shall be credited by the

court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." He contends that where the court denies credit for time spent on probation the court should state its reasons for doing so, otherwise the order is arbitrary and contrary to due process. The defendant cites the order of this court, pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1975, ch. 110A, par. 23), in *People v. Svorc* (No. 75-373 (2d Dist. filed February 17, 1976)), in support of this contention. That case, however, is not in point here. In the *Svorc* case we held merely that where a sentence of imprisonment is imposed following a probation revocation, the court is required by the statute cited above to make a determination as to what credit should be given the defendant for time spent on probation against his prison sentence. The court in the *Svorc* case completely failed to make any reference to time spent on probation but gave no credit for such time in the mittimus. The case was remanded simply for the purpose of making a determination as to what credit should be allowed the defendant for time spent on probation, in accordance with the statute.

■■ In the case before us the judge did make a determination setting forth the amount of probation time to be credited against the term of imprisonment, that is that the defendant would be given credit (against his sentence) for the period of time while on probation that he actually spent in jail, but would receive no credit for time on probation not spent in jail. Therefore, there was compliance with the statute and the defendant's contention in this respect is without merit.

The judgment of the circuit court of Lee County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.