THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY WAYNE WILLETT, Defendant-Appellant.

Fifth District   No. 76-29

Opinion filed December 21, 1976.

G. MORAN, J., dissenting.

Dennis J. Hogan, of Murphysboro, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Timothy W. Willett, appeals from an order of the Circuit Court of Franklin County revoking his probation and sentencing him to a term of two to six years in the penitentiary.

Defendant was convicted of two counts of burglary and sentenced to two years probation. For the first years of the probationary period, beginning in November of 1974, he was required to serve the first and third weekends of every month in the county jail. The State later filed a petition to revoke defendant's probation, alleging that he had failed to serve any time in jail during the months of April, May, June and July of 1975. After a revocation hearing, the circuit court granted the State's petition. A second hearing was held, after which the court imposed the aforementioned sentence.

■■ Defendant's notice of appeal was filed on October 24, 1975, five

days before the written order revoking probation and imposing sentence. The State contends that the cause must, therefore, be dismissed for want of jurisdiction. (Ill. Rev. Stat. 1975, ch. 110A, par. 606(b); *People v. Boston*, 27 Ill. App. 3d 246, 327 N.E.2d 40 (5th Dist. 1975).) We do not agree. As soon as the trial court's judgment is clearly indicated in the written record it becomes a final appealable order. (*People v. Krug*, 38 Ill. App. 3d 383, 347 N.E.2d 807 (5th Dist. 1976).) In the instant case, the trial judge's record sheet contains dated entries stating that defendant's probation was revoked and that he was sentenced to a term of two to six years. Because these entries were made prior to the filing of defendant's notice of appeal, we have jurisdiction to consider the case on its merits.

The State has filed a motion, which we ordered taken with the case, to strike the defendant's brief. The brief is riddled with assertions unsupported by the record, pejorative characterizations, and other violations of Supreme Court Rule 341. (Ill. Rev. Stat. 1975, ch. 110A, par. 341.) The first sentence of defendant's argument is representative of the tone and content of the entire brief:

> "When the defendant first appeared in Court, it was involuntarily, he being already in the custody of a fellow Shakespeare would probably have called old 'Bottom' the weaver, but who we all know as the Sheriff from down there at the County Slammer."

We would be perfectly justified in striking defendant's brief (see *Biggs v. Cummins*, 16 Ill. 2d 424, 158 N.E.2d 58 (1959)), but, as Shakespeare would probably have said, "The quality of mercy is not strain'd * * *." (W. Shakespeare, The Merchant of Venice IV:i:184.) The State's motion is denied.

Many of the "arguments" presented in defendant's brief are simply unintelligible. For instance, defendant contends:

> "Of course, States Attorneys don't see any problem for their County's bonded Sheriff or other clients, because, after all, the Circuit Courts are all courts of general jurisdiction and it all goes under the Chapter 75 I.R.S. Sec. 28 rug anyway. Oh yeah? People v. Byrnes, 34 Ill. App. 3d 983, 341 N.E.2d 729."

An imaginative reading of defendant's brief, however, indicates that he is raising the following issues for review: (1) whether it was improper to commence the original burglary prosecution against defendant with a complaint prepared by an assistant chief of police; (2) whether defendant was denied his constitutional right to a prompt preliminary hearing; (3) whether the amount of bail set prior to defendant's trial for burglary was excessive; (4) whether sufficient proof was presented that defendant violated the terms of his probation; and (5) whether the sentence of two to six years was arbitrary and excessive.

■■ The first three issues raised by defendant involve the validity of his original conviction for burglary. That conviction was a final judgment from which defendant could have appealed within the time limits imposed by Supreme Court Rule 606(b). (Ill. Rev. Stat. 1975, ch. 110A, par. 606(b); *People v. Nordstrom*, 37 Ill. 2d 270, 226 N.E.2d 19 (1967).) Defendant could have brought an immediate appeal under Rule 604(c) from an order denying a reduction of bail. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(c).) The law is well settled, however, that a defendant may not attack the validity of his original conviction on appeal from a judgment revoking probation. (*People v. Nordstrom*, 37 Ill. 2d 270, 226 N.E.2d 19 (1966); *People v. Lambert*, 23 Ill. App. 3d 615, 320 N.E.2d 395 (3d Dist. 1974); *People v. Gregory*, 16 Ill. App. 3d 204, 305 N.E.2d 549 (4th Dist. 1973); *People v. Floyd*, 14 Ill. App. 3d 1009, 303 N.E.2d 826 (1st Dist. 1973).) Defendant implies in his brief that he was required to waive his right to appeal in order to be placed on probation. We note that there was some discussion of defendant's right to appeal at the sentencing hearing and that a defendant should not be coerced into waiving an appeal by accepting probation. (See *People v. Nordstrom*, 73 Ill. App. 2d 168, 174, 219 N.E.2d 151, 155, *aff'd*, 37 Ill. 2d 270, 226 N.E.2d 19 (1967); *State v. Rhinehart*, 267 N.C. 470, 148 S.E.2d 651 (1966).) Nevertheless, we feel that if defendant wishes to pursue this argument, as well as the arguments concerning the validity of the conviction itself, he must do so by filing a petition either for habeas corpus or for post-conviction relief under section 122—1 of the Code of Criminal Procedure. Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq*.

Defendant also contends that the State failed to prove that he violated probation. As already noted, the State's petition to revoke charged that during the months of April, May, June and July, defendant did not serve his required time in the county jail. In support of its contention, the State introduced defendant's "rap sheet" at the probation revocation hearing. The rap sheet, which purportedly contains a complete record of the time defendant served, indicates that he complied with his probation order fairly regularly from November of 1974 through April of 1975. After that period, however, defendant served only the third weekend in May and did not report again until September 2, 1975, over a month after he was served with the State's petition to revoke probation. Defendant does not contest the accuracy or admissibility of the rap sheet, but argues that he was excused from complying with the probation order on the weekends he was absent.

The defendant testified at the revocation hearing that his mother called the probation officer, presumably some time in April, and obtained permission for the defendant to travel to the State of Michigan to seek work. He said that his original plan was to leave on May 1, and that he,

therefore, did not report to the county jail on the first weekend of that month. Defendant stated that because the trip to Michigan was delayed, he ended up serving the third weekend of May in the county jail as required. According to the defendant, he and his father departed for Michigan shortly thereafter, and returned home at the end of June.

Defendant also admitted that he did not serve any time in July. He explained, however, that on the first weekend of that month he was given permission to visit his grandmother in Mt. Vernon, Illinois, and that on the third weekend he received permission from someone in the probation office to go on an outing with a church organization. Defendant said that when he subsequently reported to the jail on July 29 to make up for some of the time he had missed, he was arrested, served with the State's petition to revoke, and released after posting $100 bail.

Ray Carrell, defendant's probation officer, admitted that he allowed the defendant to visit his grandmother, but could not recall when the incident occurred. Carrell also testified that he permitted defendant to seek work in Michigan:

"A. I gave him permission. He called me one time to ask if he could go to the State of Michigan to seek work, and that was through the month of May I believe.

Q. Did he return subsequent to that?

A. He came back to Illinois, but he did go back there and stay in jail for awhile."

Carrell could not recall any other time when he permitted the defendant to miss a weekend in jail.

At a probation revocation hearing, the State has the burden of proving a violation of the conditions of probation by a preponderance of the evidence. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(c); *People v. Crowell*, 53 Ill. 2d 447, 292 N.E.2d 721 (1973).) On review, a finding that probation has been violated will be disturbed only when it is contrary to the manifest weight of the evidence. (*People v. Hall*, 10 Ill. App. 3d 1011, 295 N.E.2d 545 (1st Dist. 1973).) Although the State's petition to revoke alleged that defendant violated probation in April of 1975, no evidence was introduced at the revocation hearing in support of that allegation. In fact, the "rap sheet" introduced by the State clearly indicates that defendant spent the first and third weekends of April in the county jail. We will, therefore, confine ourselves to determining whether the State successfully carried its burden of proving violations in May, June and July.

Defendant was undoubtedly given permission to make a trip to Michigan in May. We, therefore, cannot hold that his failure to serve the first weekend of May constituted a violation of probation. Ray Carrell's testimony makes it clear, however, that permission to make the trip was

granted only "through the month of May." Carrell's testimony also indicates that he assumed that defendant actually made the trip in May and returned in time to serve the third weekend of that month in the county jail. Defendant's explanation that the trip was delayed seems reasonable, but does not justify his failure to notify the probation officer of the change in plans. Defendant's failure to do so was a violation of probation. *Cf. People v. Hudson*, 34 Ill. App. 3d 94, 339 N.E.2d 842 (1st Dist. 1975).

It was also uncontroverted that defendant failed to serve any time during the month of July. The defendant explained his failure to do so, but it was up to the trial judge to determine the credibility of defendant's explanation. (*People v. Holton*, 18 Ill. App. 3d 625, 310 N.E.2d 430 (5th Dist. 1974); *People v. Shadowens*, 10 Ill. App. 3d 450, 294 N.E.2d 107 (5th Dist. 1973).) We cannot say that the judge's determination was against the manifest weight of the evidence and, therefore, must agree that the defendant violated probation in July.

■■ After the trial judge finds that a defendant has violated the conditions of probation he must then decide, as a matter of discretion, whether or not revocation of probation is necessary. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(e); *People v. Brooks* 14 Ill. App. 3d 93, 302 N.E.2d 244 (1st Dist. 1973).) On review, the appellate court is limited to determining whether a decision to revoke probation constitutes an abuse of discretion. *People v. Simpson*, 26 Ill. App. 3d 205, 324 N.E.2d 635 (2d Dist. 1975); *People v. Tervin*, 23 Ill. App. 3d 409, 318 N.E.2d 656 (4th Dist. 1974).

■■ Under the terms of defendant's probation order, he was required to serve, over the course of a year, a total of 44½ days in the county jail. Although the probation order explained exactly when defendant was to serve this time, he seems to have felt that he had the option of serving the 44½ days at any time during the year, and that the exact terms of the probation order would not be enforced. The conduct of the officials charged with the responsibility of supervising the defendant and enforcing the conditions of probation provided some basis for this belief. For instance, at the revocation hearing, defendant's probation officer testified that he "talked with him [defendant] a number of times to get him to do his time in jail whether he did it all at once or on weekends, but to get the time done in jail." At various times from November of 1974 up to the institution of the proceedings to revoke probation, defendant was excused from serving weekends in jail by the trial judge, the probation officer, and probably other officials and employees at the probation office and the county jail. On at least one occasion, defendant was allowed to "make up" for some lost time by serving on a weekend not required by the probation order. Although this official flexibility was, no doubt,

prompted by feelings of sympathy for the defendant, it renders his "backsliding" understandable, if not justified. Defendant may have felt that he could merely make up later in the year for the time he missed in June and July. According to his own uncontroverted testimony, he was attempting to do exactly that on July 29 when he was served with the State's petition to revoke. Nevertheless, the trial judge was in a better position to evaluate the witnesses and the situation described above. Although we may have decided that defendant's violations were not serious enough to warrant revocation of his probation, and the trial judge stated that the violations were not "necessarily the most serious type," we cannot say that the trial court abused its discretion in deciding that revocation was necessary. See *People v. Dixon*, 41 Ill. App. 3d 910, 354 N.E.2d 638 (2d Dist. 1976).

■■■ Defendant's final contention is that his sentence was excessive. When a defendant who has been convicted of an offense is admitted to probation, and that probation is subsequently revoked, the court may resentence the defendant to any sentence that would have been appropriate for the original offense. (*People v. Bullion*, 21 Ill. App. 3d 297, 314 N.E.2d 731 (5th Dist. 1974).) The sentence imposed in the instant case was within the statutory limits. (Ill. Rev. Stat. 1975, ch. 38, pars. 19—1(b), 1005—8—1(b)(3), 1005—8—1(c)(3).) In order to modify the sentence under these circumstances, we would have to find a manifest and arbitrary abuse of the trial court's discretion. Such abuse will be found to exist if the sentence imposed is greatly at variance with the purpose and spirit of the law, or greatly disproportionate to the nature of the crime. *People v. Taylor*, 33 Ill. 2d 417, 211 N.E.2d 673 (1965); *People v. Johnson*, 40 Ill. App. 3d 388, 352 N.E.2d 462 (5th Dist. 1976); *People v. Grau*, 29 Ill. App. 3d 327, 330 N.E.2d 530 (5th Dist. 1975).

The trial court is required to consider the nature and circumstances of the offense and the history and character of the defendant in imposing sentence. This is particularly true when the minimum sentence imposed is greater than the minimum established by statute. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(3); *People v. Coultas*, 30 Ill. App. 3d 81, 332 N.E.2d 169 (5th Dist. 1975).) The court may consider defendant's conduct on probation in assessing his "history and character." *People v. Tatum*, 29 Ill. App. 3d 251, 330 N.E.2d 281 (4th Dist. 1975); *People v. Harden*, 6 Ill. App. 3d 172, 284 N.E.2d 716 (2d Dist. 1972); *People v. Ford*, 4 Ill. App. 3d 291, 280 N.E.2d 728 (1st Dist. 1972).

In the instant case, the offenses for which defendant was convicted do not seem to have involved any aggravating circumstances which would justify the imposition of a higher sentence. In imposing sentence, the court did not refer to defendant's offenses in particular, but merely made general comments to the effect that burglary is a serious crime. Defendant was 18 years old at the time sentence was imposed and had no prior

record of any significance. He has only one year of high school training and there was testimony at the sentencing hearing to indicate that a childhood illness had somewhat impaired his mental capacity. In imposing sentence, the court stated that defendant had never shown any penitence for his crimes, had a defiant attitude toward authority, and lacked a consistent work record. All of these factors may be considered in determining the proper sentence. (*People v. Petty*, 33 Ill. App. 3d 183, 337 N.E.2d 249 (4th Dist. 1975).) We must emphasize once again that sentencing is primarily a function of the trial judge who sees the defendant and is in a better position to appraise him and evaluate the likelihood of his rehabilitation. Although the sentence imposed in this case was harsh, we reluctantly hold that it does not constitute an abuse of discretion.

In imposing sentence, the trial court specifically ordered that defendant was not to receive credit for the time he served on probation. Section 5—6—4(h) of the Unified Code of Corrections grants the court discretionary power to decide whether or not the defendant is entitled to such credit, stating that:

> "Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h).)

The trial court is not required to state reasons for refusing to grant credit for time served on probation, but if the court abuses its discretion and arbitrarily denies such credit, the appellate court may order that it be granted. *People v. Bellars*, 38 Ill. App. 3d 350, 347 N.E.2d 209 (2d Dist. 1976).

■■ We feel that the denial of credit in the instant case constitutes an abuse of discretion. The trial judge did not state any reasons for refusing to allow credit, and nothing in the record justifies his refusal. We have already voiced our doubts concerning the decisions to revoke probation and to impose a sentence of two to six years. To further penalize the defendant for no apparent reason by denying him credit for time spent on probation cannot be justified. For the foregoing reasons, we hold that defendant is entitled to credit against his sentence for the time he has already served on probation. The amount of credit to which defendant is entitled is measured from the date he was placed on probation to the date a warrant issued for his arrest. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4; *People v. Burton*, 14 Ill. App. 3d 1096, 303 N.E.2d 16 (4th Dist. 1973); *People v. Holton*, 18 Ill. App. 3d 625, 310 N.E.2d 430 (5th Dist. 1974).) Defendant's probation order was filed on October 23, 1974, and the warrant for his arrest was issued on July 22, 1975. Defendant is, therefore, entitled to credit for 272 days against his sentence. The decision

of the Circuit Court of Franklin County is affirmed and the cause remanded with directions to issue an amended *mittimus* reflecting credit for the time served on probation.

Affirmed and remanded with directions.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:
I would reverse the order of the trial court revoking the defendant's probation.