THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE HASTY, Defendant-Appellant.

Fifth District   No. 81—691

Opinion filed December 7, 1983.

Randy E. Blue and Susan Diehl, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Stephen E. Norris and Karen L. Stallman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, defendant Lawrence Hasty was found guilty of attempted murder, and sentenced to 30 years in prison. Defendant appeals this conviction on the ground that he was denied ,effective assistance of counsel. Defendant alternatively contends that the trial court abused its discretion in inflicting an unduly harsh sentence. We find both allegations to be without merit, affirming defendant's conviction and the sentence imposed by the circuit court.

The victim, John Haverman, testified that on the evening of May 1, 1981, he was approached in a parking lot by an unfamiliar person and forced at gunpoint to drive his mother's car to a secluded area. According to Haverman, the assailant (subsequently identified as defendant), upon reaching his destination, ordered Haverman out of the car and demanded the keys. Haverman testified that when he refused to comply with defendant's order, defendant shot him. Haverman struggled with defendant and was shot a second time. Haverman then began running, whereupon defendant shot him twice again in the back before driving away in the Haverman automobile.

Defendant challenged Haverman's testimony, maintaining that he and Haverman had known one another prior to the evening of the shooting. According to defendant, Haverman had twice engaged defendant in homosexual relations, once in Haverman's car and once in Haverman's home. Defendant testified that, feeling resentful of these encounters, he asked Haverman to meet him in the parking lot on the evening of May 1, ostensibly to fraternize, but with the actual intention of beating Haverman. Defendant stated that Haverman

picked him up at the appointed time, drank beer with defendant, and drove to "a back road" where Haverman demanded that defendant engage in sexual conduct. When defendant refused, Haverman threatened him with a gun. A struggle ensued in which defendant shot Haverman. Defendant did not dispute the fact that Haverman was shot four times, but maintained that, due to defendant's extreme emotional state, aggravated by a combination of alcohol and valium, he could remember only once shooting Haverman.

■■ Defendant's contention that he was denied effective assistance of counsel is premised solely upon his attorney's failure to object at trial to the following jury instruction:

> "A person commits the offense of murder when he kills an individual without lawful justification if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual or another."

Relying on the rule of *People v. Harris* (1978), 72 Ill. 2d 16, 27, 377 N.E.2d 28, that "[a]n instruction must make it clear that to convict for attempted murder nothing less than a criminal intent to kill must be shown," defendant argues that the instruction given at trial prejudiced his case by allowing the jury to convict defendant of attempted murder even if defendant's intent was only to cause great bodily harm. Since the failure to instruct the jury that an intent to kill is an essential element of attempted murder was held in *Harris* to constitute reversible error, defendant maintains that trial counsel's failure to object to the defective instruction was tantamount to incompetency, thus entitling defendant to a new trial.

There is no question that the instruction given in the instant case was erroneous. In light of *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331, however, we cannot accept the argument that the error was of such magnitude that defense counsel's failure to object to the instruction entitles defendant to a new trial. In *Roberts*, the supreme court addressed a situation involving a defective instruction on attempted murder similar to that in the case at bar. The instruction read in part:

> " 'A person commits the crime of murder who kills an individual if, in performing the acts which cause the death,
>
> (1) he intends to kill or do great bodily harm to that individual; or
>
> (2) he knows that such acts create a strong probability of death or great bodily harm to that individual.' " (75 Ill. 2d 1, 8.)

The precise issue before the supreme court was whether the instruc-

tion constituted a defect sufficient to provide an exception to the waiver rule, thus allowing defendant to raise the issue for the first time on direct appeal. The court held that the defective instruction was not "grave error" for purposes of the waiver rule, and did not severely threaten the fundamental fairness of the defendant's trial. (75 Ill. 2d 1, 14-15.) We are compelled to follow the reasoning of the supreme court, and conclude that defense counsel's failure to object to an almost identical instruction is not an error so egregious as to constitute incompetence. This conclusion is strengthened by a consideration of the facts of the instant case. There was no question that John Haverman was shot four times in his struggle with defendant, and that Haverman was abandoned in a secluded area. Given these facts, a jury could reasonably have inferred a specific intent of defendant to kill John Haverman regardless of whether it was instructed that such an intent was a necessary element of attempted murder. Indeed, such an inference seems, as a practical matter, inevitable. The contention that the jury in the instant case would not have inferred from the evidence a specific intent on the part of defendant to kill John Haverman, inferring rather an intent on the part of defendant only to do great bodily harm to Haverman, and that defendant was found guilty of attempted murder as a proximate result of this latter inference is, in our judgment, too tenuous to dictate a finding of reversible error. Compare *People v. Jones* (1979), 81 Ill. 2d 1, 405 N.E.2d 343.

■ ■ Defendant's second allegation of error is that the trial court abused its discretion in sentencing defendant to 30 years in prison for attempted murder. An abuse of discretion will be found to exist if the sentence imposed is greatly at variance with the purpose and spirit of the law or greatly disproportionate to the nature of the crime. (*People v. Willett* (1976), 44 Ill. App. 3d 545, 551, 358 N.E.2d 657.) At the time of sentencing, the court stated that it had considered the factors in mitigation contained in section 5—5—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.1), and found none of those factors present in the instant case. The court further stated that it had considered the factors in aggravation contained in section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2), finding that defendant's conduct caused very serious bodily harm to the victim, that defendant had a history of prior criminal activity, and that the sentence was necessary to deter others from committing the same crime. Our review of the record of the instant case substantiates these findings. We therefore conclude that the trial court did not abuse its discretion in sentencing the defendant to 30 years in prison. The convic-

tion of the defendant for the crime of attempted murder and the sentence imposed by the trial court are accordingly affirmed.

Affirmed.

KASSERMAN and JONES, JJ., concur.