(No. 37766.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FLORITA GOMEZ, Plaintiff in Error.

*Opinion filed November 26, 1963.*

ALVIN W. BLOCK and STEPHEN LEVY, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Florita Gomez, was tried before the court in the criminal court of Cook County on the charge of abortion in that she used an instrument with the intent to

procure the miscarriage of one LaVerne Ristow. The defendant was found guilty and sentenced to the penitentiary for not less than one year nor more than ten years. Defendant brings this writ of error to review that conviction.

Defendant argues that there is no evidence sufficient to show her specific intent to procure a miscarriage. She further insists that the trial court erred in arbitrarily denying her application for probation.

LaVerne Ristow testified that she and her boy friend, Leonard Martin, went to the apartment of defendant on January 31, 1962. LaVerne told the defendant that she was about two months pregnant and wanted an abortion performed. The defendant took LaVerne into the bedroom where she inserted a "reddish hose" into LaVerne's vagina. Then the defendant "poked around inside a few minutes with it, in and out, maybe ten minutes." Defendant then took out the tube and inserted a fluid from a hot water bottle into the vagina.

Leonard Martin corroborated LaVern's testimony and stated that he gave the defendant fifty dollars.

The defendant admitted that she saw LaVerne and Martin on January 31 at her apartment and that Martin told her LaVerne was behind in her menstrual period and he didn't want a baby. Defendant testified that all she did was give LaVerne a douche from a hot water bottle to clean the vagina, and did not intend to cause a miscarriage.

The following day LaVerne became ill and went to a hospital where she had a miscarriage and developed peritonitis. Her treating physician testified that he was of the opinion that the miscarriage was caused by the introduction of some type of tube or foreign body into the uterus within 24 to 48 hours prior to the night of February 1.

We think the evidence, despite the denial of defendant, was clearly sufficient to justify a finding that defendant used an instrument with the intent to procure a miscarriage of LaVerne Ristow in violation of the statute. (Ill. Rev. Stat.

1961, chap. 38, par. 23—1(a).) We will not reverse a conviction solely on the ground that the trial court believed the testimony of the State's witnesses rather than that of the defendant. *People* v. *Lucky,* 21 Ill.2d 501.

The defendant next contends that the trial court arbitrarily denied her application for probation because she availed herself of her right to trial by jury.

After the finding of guilty the court asked for a presentence investigation and continued the application for probation for two weeks. The trial court then heard arguments on the application, during the course of which he made the following comments: "The Court has to take into consideration not only the protection of society and the rehabilitation of the defendant, but the Court must also take into the consideration the example to society, the example to others, the deterrent to crime and I just don't think that I could in good conscience allow anyone, unless that is some very, very unusual circumstances, anyone guilty of an abortion to go on probation. * * * I don't want this Court to have a reputation of giving probation to abortionists. * * * There is another feature of this case that we haven't commented upon, counsel, and that is, I have never up to now, and don't say I won't violate the rule because the rule isn't worth very much if you don't make an exception to it when the proper time comes, but I never grant probation to someone unless you come in and plead guilty and throw themselves upon the mercy of the Court and start out with a penitent spirit. Now, this defendant stood trial. If I thought she had a meritorious defense, that wouldn't deter me at all from giving her probation if I thought she was entitled to it."

Defendant insists that the foregoing remarks indicate that the trial judge exercised his discretion in an arbitrary manner, citing *People* v. *Moriarty,* 25 Ill.2d 565 and *United States* v. *Wiley,* (7th cir.) 278 F.2d 500. In the *Wiley* case the United States Court of Appeals reversed and remanded

the cause because the trial judge stated that a defendant would not be considered for probation once he stood trial. In the *Moriarty* case we remanded a cause where the trial judge clearly indicated to the defendant that his decision to stand trial "will cost you nine years additional".

We believe these cases are inapposite. The trial judge here requested a presentence investigation and heard arguments for probation. He considered the serious nature of the crime, and the failure of defendant to show a penitent spirit. However, he pointed out that the fact that defendant's standing trial would not deter him from giving probation if he thought she was entitled to it. Taken as a whole, the record does not show that the trial court abused its discretion in denying the application for probation. *People* v. *Coolidge,* 26 Ill.2d 533; *People* v. *Hamby,* 6 Ill.2d 559.

We must conclude that the defendant was proved guilty beyond a reasonable doubt and that the trial court did not err in denying probation. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*