**People of the State of Illinois, Plaintiff-Appellee,
v. Joseph Fulton, Defendant-Appellant.**

**Gen. No. 51,047.**

First District, First Division.

June 12, 1967.

Chauncey Eskridge, of Chicago (Stanley Bass, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Joseph Fulton, was indicted on the charge of abortion. He pleaded not guilty, waived a jury trial and on a finding of guilty by the trial judge was sentenced to a term of not less than two nor more than five years.

On this appeal the defendant contends: (1) that the statute under which he was indicted and convicted is so vague and indefinite that it fails to meet the requirements of due process of law guaranteed by the United States and Illinois Constitutions; (2) that the indictment is unconstitutional and void because each member of the grand jury which returned the indictment was required to state a belief in God; and (3) that the State failed to prove defendant's guilt beyond a reasonable doubt.

The defendant concedes that language in the indictment follows the statute, but contends that the statute is so vague and indefinite that it fails to meet the requirements of due process of law. Chapter 38, section 23–1 of the Illinois Revised Statutes (1963) provided that, "A person commits abortion when he *uses any instrument*, medicine, drug or other substance whatever, with the intent to procure a miscarriage of any woman." (Emphasis added.) The defendant primarily attacks the italicized portion of the statute and claims that "the phrase 'uses any instrument' has such a broad meaning that it encompassed various forms of innocent conduct, i. e., the instrument might be a musical instrument, a magician's wand, or other article which does not touch or enter the human body." Specifically he attacks the use of the word "instrument" and says it is so vague and indefinite as to leave the public uncertain as to the conduct it prohibits and leaves the court free to decide, without any legally fixed standards, what is prohibited.

It is well settled that an indictment must be specific enough to enable the defendant to prepare his

defense, however, this is also the basic test and reason for allowing a bill of particulars upon motion. People v. Gerold, 265 Ill 448, 107 NE 165. In the case at bar, the defendant, upon motion, was given a bill of particulars setting out the instrument used. We conclude that adequate information was provided for the defense. People v. Woods, 24 Ill2d 154, 180 NE2d 475. The words assailed taken in connection with the context of the statute are commonly understood and their use does not render the statute invalid. Triner Corp. v. McNeil, 363 Ill 559, 2 NE2d 929.

██ ██ The defendant next contends that the indictment is void and unconstitutional because each member of the Grand Jury which returned it was required to state a belief in God. This point was not presented to the trial judge and it is well established that objections not presented for the trial court to rule on cannot be asserted for the first time on review. See People v. Irwin, 32 Ill2d 441, 207 NE2d 76. Nevertheless we have considered this contention, but find no merit to it. Under the Maryland Statute a belief in God was a prerequisite for a person to become a juror. Schowgurow v. State, 240 Md 121, 213 A2d 475, and State v. Madison, 240 Md 265, 213 A2d 880, held that this requirement offended the establishment clause of the First Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment. These cases are inapplicable as chapter 78, section 18, of the Illinois Revised Statutes (1963) does not require a belief in God as a prerequisite to serving as a Grand Juror. We also find that Torcaso v. Watkins, 367 US 488, also cited by the defendant, where the U. S. Supreme Court reversed a decision holding that a belief in God was a prerequisite to holding public office, is inapplicable on the facts.

██ Chapter 78, section 18, of the 1963 Illinois Revised Statutes does provide that the Foreman and the

other Grand Jurors shall take an oath before they enter upon the discharge of their duties in which oath they swear that in all of their presentments they will present the truth, the whole truth and nothing but the truth, according to the best of their skill and understanding "so help you God." However, we are of the opinion that defendant's contention is squarely met and answered by chapter 101, section 4 of the Illinois Revised Statutes (1963) which provides under the heading "Affirmation" that:

> Whenever any person required to take or subscribe an oath, as aforesaid, and in all cases where an oath is upon any lawful occasion to be administered, and such person shall have conscientious scruples against taking an oath, he shall be admitted, instead of taking an oath, to make his solemn affirmation or declaration in the following form to-wit: You do solemnly, sincerely and truly declare and affirm. Which solemn affirmation or declaration shall be equally valid as if such person had taken an oath in the usual form; . . .

The defendant also contends that he was not proven guilty beyond a reasonable doubt of committing a Criminal Abortion. He argues that even assuming that someone used an instrument or drug on the prosecuting witness with intent to procure her miscarriage, a reasonable doubt exists that the defendant committed the abortion. He asks, "would a person risk his successful pharmacy, his pharmacist license, his license to broadcast, his family, to engage in such criminal conduct?"

We have examined the record which shows the prosecuting witness testified that after a doctor told her she was pregnant she went to defendant's drugstore with a friend on January 12, 1965. She said he closed the store

and told her to go in the back room. She put on a sheet and while on a table, the defendant inserted an orange tubing in her uterus, packed it with cotton and told her to remove the tubing the next day when the bleeding started. She said the procedure took five to ten minutes and she paid him the agreed price of $100.

Dr. Leo K. McGill testified that he examined the complainant and removed the afterbirth and fetus. In his opinion she had had an abortion.

Jo Ann Piaz testified that she knew the defendant and when she informed him of her friend's trouble he told her he could help and it would cost about $100. Afterwards she called defendant and was instructed to bring the complainant to the store at a specified time. On January 12, 1965, she said she accompanied the complainant to the defendant's store, where the defendant and the complainant went in the back room. About fifteen minutes later they came out and the defendant told the complainant to leave the packing in for a certain period of time, gave her some pills and accepted money from her.

The defendant, Joseph Fulton, a licensed pharmacist, testified that Jo Ann Piaz was a regular customer in his drugstore and had told him that she had a friend that needed help. He understood her to mean that her friend wanted publicity on the radio show he had at that time and he agreed to set up an audition for her. He stated he remembered that the complainant had come in his pharmacy late one night and offered to sell him clothes in her shopping bag. He said she asked to use his bathroom because she was nauseous and that she was in that room for between five and ten minutes. He denied that he directed the complainant to lay on a table or that he inserted a rubber tube containing a metal rod in her uterus or that the complainant, in the company of Jo Ann Piaz, gave him $100.

Dr. Jasper Williams, a physician and surgeon, testifying for defendant, said it was impossible to induce a rubber tube into the vagina unless a speculum was used to open the vagina and that "it is possible, but it is like shooting fish in a barrel."

■ We are satisfied that the evidence, despite the denial of the defendant, clearly justified a finding that the defendant used an instrument with intent to procure a miscarriage. In this case there is considerable corroborating testimony which showed that the complainant accompanied by a witness went to defendant's store for the purpose of procuring an abortion, which was accomplished, and $100 was paid to the defendant for his services. We adopt the language in People v. Gomez, 29 Ill2d 432, 434, 194 NE2d 299, "We will not reverse a conviction solely on the ground that the trial court believed the testimony of the State's witnesses rather than that of defendant." The trial judge saw and heard the witnesses and the weight to be given to their testimony is a question for the trier of the facts.

The defendant was proven guilty of committing an abortion beyond a reasonable doubt and no reason exists for this court to reverse his conviction and accordingly the judgment is affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.