THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT B. ORAVIS, Defendant-Appellant.

Fourth District No. 15595

Opinion filed March 12, 1980.

TRAPP, J., dissenting in part.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Gary J. Anderson and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

An indictment charged the defendant with burglary, a Class 2 felony (Ill. Rev. Stat. 1977, ch. 38, par. 19—1), for breaking into a home to steal a safe (belonging to his recently deceased grandfather). Burglary carries a determinate sentence between 3 and 7 years (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1) and a fine up to $10,000 (Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1). A jury trial held January 16, 1979, resulted in the defendant's conviction. The defendant chose to be sentenced under the new provisions, and on May 11, 1979, he was sentenced to 6 years in prison and received a $2,000 fine. The defendant filed his notice of appeal June 11, 1979, 31 days after the entry of the sentencing order. This court denied the State's motion to dismiss the appeal for being untimely filed

because June 10, 1979, the 30th day, was a Sunday, and according to statute, holidays, Saturdays, and Sundays are not counted when the last day in a time limit falls on a holiday, Saturday, or Sunday. Ill. Rev. Stat. 1977, ch. 131, par. 1.11.

On appeal, the defendant argues that the sentencing judge improperly considered his poor attitude and lack of repentance, and that the 6-year sentence and $2,000 fine are excessive, given his record and circumstances.

At the sentencing hearing, the trial judge made the following remarks, upon which the defendant bases his argument that the sentencing judge considered improper factors in imposing sentence:

> "We also have a number of factors listed as mitigating factors which are not present and, in fact, the opposite is present. There is no strong provocation which would excuse your acts, Mr. Oravis; nor are there any grounds substantial or otherwise tending to excuse or justify your criminal conduct. Nor was your criminal conduct induced or facilitated by someone other than yourself, nor have you indicated any intention or will to compensate the victims for your conduct or for the damage or injuries sustained. ·
>
>        * * *
>
> The State's evidence is overwhelming. The Defendant stands here today without remorse, with no intention of making restitution, claiming he was set up; * * *
>
>        * * *
>
> I have an individual here with no remorse who has neither the ability apparently nor the intention of making restitution. Certainly there's been no tender, and certainly there's been nothing in your past work record which would indicate any possibility of relying upon you to make any restitution.
>
>        * * *
>
> And so it's unique. You're in a situation—the average individual who comes in with this record, even though he's got a bad work record, bad school record, bad history as far as the crime is concerned, but is relatively free of prior felony offenses is pretty well guaranteed probation.
>
> In your instance, having regard to the nature and circumstance of the offense, the history, character and condition of you, I'm of the opinion that imprisonment is necessary for the protection of the public and would most certainly—probation or conditional discharge would most certainly deprecate the seriousness of your conduct and be inconsistent with the ends of justice."

In light of these remarks, the defendant argues that in imposing sentence the judge relied on his disbelief of the defendant's assertions of

innocence. Stated baldly, he argues that this practice in effect penalizes the defendant who continues to assert his innocence after conviction and may result in an added penalty if the sentencing judge believes that the defendant has committed perjury.

The statements here show that the court was concerned with the defendant's potential for rehabilitation; the defendant's impenitent spirit and lack of remorse, rather than his alleged added crime of perjury, and that these factors caused the judge to impose a sentence longer than usual. This court, and the Illinois Supreme Court, have approved considering the defendant's attitude in determining the appropriate sentence. *People v. Petty* (1975), 33 Ill. App. 3d 183, 337 N.E.2d 249; *People v. Morgan* (1974), 59 Ill. 2d 276, 319 N.E.2d 764; *People v. Gomez* (1963), 29 Ill. 2d 432, 194 N.E.2d 299.

Furthermore, the United States Supreme Court approved the practice of considering a defendant's alleged perjury in *United States v. Grayson* (1978), 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610. The court there held that the sentencing judge was acting properly when he announced that his belief that the defendant's testimony was totally false would influence—and presumably aggravate—the sentence imposed. See also *Williams v. New York* (1949), 337 U.S. 241, 93 L. Ed. 1337, 69 S. Ct. 1079.

The defendant also theorizes that by considering the truthfulness of his claims of innocence in imposing sentence, the court is forcing him to choose between aggravating his sentence and hurting his case on appeal and retrial. Nothing compels defendants to speak in their own behalf at the sentencing allocution. *People v. Hartley* (1974), 22 Ill. App. 3d 108, 317 N.E.2d 57, is inapposite; it concerned a defendant being held in contempt for exercising his fifth amendment privilege against self-incrimination. In this case, the sentencing judge did not compel the defendant to testify.

■■ The defendant has no prior juvenile or adult record, and his actions did not threaten or cause physical harm. We recognize that the trial court's reasoning regarding the defendant's attitude is relevant to its decision to deny probation, but that reasoning does not support a 6-year sentence for a first-time offender. We therefore reduce the term of imprisonment to 4 years.

■■ The defendant's final argument questions the propriety of the $2,000 fine. While the amount of the fine is well within the statutory maximum of $10,000, the defendant's financial condition requires that no fine be imposed. Fines are disfavored for defendants who lack the ability to pay them. (*People v. Sprinkle* (1979), 74 Ill. App. 3d 456, 393 N.E.2d 94; *People v. Menken* (1977), 54 Ill. App. 3d 199, 369 N.E.2d 363.) As the sentencing judge observed, the defendant did not complete high school

and had a bad work record; at the time of sentencing he was working only part-time. His liabilities were $2,000. He lives at home while his 2-year-old son lives with the mother. Imposing a fine here was inappropriate, given the defendant's inability to pay.

Sentence modified; fine vacated. Cause remanded for an amended mittimus.

Modified and remanded.

GREEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting in part:

I dissent from that portion of the majority opinion which reduces the sentence from 6 years to 4. Section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1) provides that "there is a rebuttable presumption that the sentence imposed by the trial court is proper."

Section 5—5—3.1 of the Code (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1) provides 12 statutory "grounds" for minimizing a sentence of imprisonment. Two are statements of essentially the same "grounds," *i.e.*, defendant neither caused serious physical harm to another person nor did he contemplate causing such harm. A third is that there is no history of defendant's criminal activity. There is no evidence in mitigation tendered as to the nine remaining "grounds" for reducing the sentence. Defendant's evidence in mitigation discloses that he did not support his wife and child. The trial court heard the evidence and observed defendant throughout the trial. Essentially, it may be said that there is no evidence to rebut the presumption that the sentence is proper. As I read the majority opinion, it is held that a 6-year sentence for a first conviction should be reduced *per se*.

I must disagree.