**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190380-U

Order filed August 12, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0380 Circuit No. 15-CF-701 |
| | ) | |
| DONTARIUS N. BERDIN, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err by sentencing defendant to 21 years' imprisonment where the court adequately considered all factors in mitigation.

¶ 2     Defendant, Dontarius N. Berdin, appeals his sentence for aggravated battery with a firearm, arguing the Peoria County circuit court imposed an excessive sentence because it failed to give sufficient consideration to the mitigating factors. We affirm.

¶ 3                                         I. BACKGROUND

¶ 4        A grand jury indicted defendant with two counts of first degree murder (720 ILCS 5/9-1(a)(3) (West 2014)), three counts of attempted first degree murder (*id.* § 8-4(a), 9-1(a)), and three counts of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)). At the time of the offense, defendant was 20 years old.

¶ 5        Defendant pled guilty to one count of aggravated battery with a firearm, a Class X felony. *Id.* § 12-3.05(e)(1), (h). In exchange, the State dismissed the remaining charges, and defendant agreed to testify against any of his accomplices that went to trial. The plea included no agreement as to the sentence or sentencing cap.

¶ 6        The factual basis for the plea established that on October 10, 2015, defendant and his accomplices decided to rob a house that they believed contained drugs and cash. Defendant did not physically enter the house but acted as the lookout and getaway driver. Defendant's accomplices forced their way into the house at gunpoint and shot four individuals inside, one of whom died. Defendant and his accomplices fled the scene. Officers used surveillance footage to identify defendant and arrest him.

¶ 7        Defendant informed officers that the shooting was the result of a failed robbery attempt, he did not enter the house, and his job was to act as the lookout and getaway driver. Defendant denied that the fatal shooting was planned, but he knew that at least one accomplice was armed during the robbery.

¶ 8        One accomplice was tried in relation to the robbery and shooting, and defendant testified against him at trial. The court accepted defendant's plea.

¶ 9        At sentencing, the State argued that defendant should receive a higher sentence based on the seriousness of the crime and contended defendant received a substantial benefit from his plea deal when the State dismissed the remaining charges. Defendant countered that his work history,

family support, and minimal criminal background indicated a lower risk of reoffending. Defendant further argued that he cooperated with law enforcement after his arrest, took responsibility for his wrongdoing, and exhibited remorse for the harm his actions caused.

¶ 10　　　　Before announcing its sentencing decision, the court stated that it considered the presentence investigation report and its supplements, the arguments presented during the sentencing hearing, defendant's statement, and "the statutory factors in aggravation and mitigation." The court emphasized that "just because such factor has not been mentioned here today does not mean that they all have not been considered, in other words, they have."

¶ 11　　　　The court described the offense as follows, a mob of "armed individuals break into a house; confront, more or less, defenseless youths inside of it; four people get shot; one of those died." The court recognized that defendant's "involvement might be the least of the gang or the mob that perpetrated this crime, but being the driver of the getaway car and the lookout is bad in and of itself." The court noted that the sentence needed to correspond to the seriousness of the crime and that a significant sentence was necessary to deter others.

¶ 12　　　　Regarding defendant, the court said

> "The defendant was a young man, albeit an adult, and even young adults are susceptible to following the crowd. Boy, did you make a mistake following this crowd here. And in doing things that you likely might not have done on your own, a good argument can be made you would not have done this on your own, but you hooked up with that crew that night, and, now, legally, you're responsible for the outcome of the crime that you pled guilty to."

The court also noted defendant had a history of employment and "remarkable" family support. The court observed that defendant's attitude and character were "pretty good," and defendant

3

exhibited maturity and remorse by acknowledging responsibility for the crime and cooperating with the prosecution.

¶ 13        After accounting for all these factors, the court found that "a significant sentence [was] necessary" and sentenced defendant to 21 years' imprisonment, asserting the sentence was "consistent with the ends of justice." The court estimated that defendant would "spend less than 15 years in the Department of Corrections, at which time [defendant will] be in his mid-30s, mid-to upper-30s." The court said defendant will "be a young age when [he] get[s] out of prison and have the opportunity to reestablish a connection with [his] loved ones, *** and start leading that law-abiding life that [he] know[s] is the right thing to do." Defendant appeals.

¶ 14                            II. ANALYSIS

¶ 15        Defendant argues his sentence is excessive because the court failed to sufficiently consider the applicable mitigating factors.

¶ 16        "The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). This is because the circuit court is in a better position to consider aggravating and mitigating factors. *Id.* at 213. "A reviewing court may not alter a defendant's sentence absent an abuse of discretion by the trial court." *Id.* at 212. An abuse of discretion occurs "where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). A reviewing court "must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." *Stacey*, 193 Ill. 2d at 209.

¶ 17        From our review of the record, the circuit court did not abuse its discretion in sentencing defendant to 21 years' imprisonment. As an initial matter, defendant's sentence falls well within

4

the 6- to 30-year sentencing range that accompanies Class X felonies such as aggravated battery with a firearm. See 730 ILCS 5/5-4.5-25(a) (West 2014). Moreover, because the sentence is within the applicable range, it is presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 18    Turning to the factors in mitigation, during the court's sentence pronouncement, the court stated that it considered all mitigating factors, as required by statute. See 730 ILCS 5/5-5-3.1 (West 2014). However, the court also discussed at length the seriousness of the offense. The seriousness of the offense and degree of harm caused by the defendant are the most important factors in fashioning a defendant's sentence. *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986). While defendant was convicted on an accountability theory of aggravated battery with a firearm, the underlying offense was quite serious and justified a significant sentence. *Supra* ¶ 11. Additionally, as defendant acknowledges in his reply brief, the court considered his rehabilitative potential when it discussed defendant's age at the time of his projected release from custody and opportunity to reassimilate. *Supra* ¶ 13. The court also discussed more generally, in mitigation, defendant's age, work history, family support, and cooperation with the State following his arrest. Therefore, we find that the court adequately considered the relevant factors in mitigation, and we decline defendant's invitation to, in essence, "reweigh the factors involved in [the court's] sentencing decision." *Alexander*, 239 Ill. 2d at 214.

¶ 19    Without challenging the constitutionality of his sentence, defendant also argues that the considerations that directed the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 489 (2012), required the circuit court to impose a lesser sentence in the instant case. Specifically, defendant contends the court gave inadequate consideration to his young age and age-related characteristics, as defendant was 20 years old at the time of the offense. This specific argument is

5

partially rebutted by the record. As noted above, the court discussed defendant's age in its sentencing pronouncement (*supra* ¶ 13) and, in its ruling, the court referred to defendant's youth and susceptibility to peer pressure (*supra* ¶ 12). Additionally, *Miller* does not directly apply to this case because defendant was neither a juvenile nor did he face a life sentence or *de facto* life sentence. See *People v. Buffer*, 2019 IL 122327, ¶¶ 40, 42 (sentencing court must consider a juvenile defendant's youth and its attendant characteristics before it imposes a life or a *de facto* life sentence—a sentence of more than 40 years' imprisonment).

¶ 20      Finally, defendant argues that his sentence is excessive given his lack of a significant criminal history. While lack of a significant criminal history is an important mitigating factor (see *People v. Oravis*, 81 Ill. App. 3d 717, 719 (1980); 730 ILCS 5/5-5-3.1(a)(7) (West 2014)) it is not the sole factor the court must consider. Moreover, it is clear from the record that the court considered this factor, as well as a multitude of other mitigating and aggravating factors in fashioning defendant's sentence.

¶ 21      In conclusion, defendant's sentence is neither greatly at variance with the spirit and purpose of the law, nor is it manifestly disproportionate to the nature of the offense. See *Alexander*, 239 Ill. 2d at 212. Accordingly, the court did not abuse its discretion by sentencing defendant to 21 years' imprisonment.

¶ 22                     III. CONCLUSION

¶ 23      The judgment of the circuit court of Peoria County is affirmed.

¶ 24      Affirmed.