**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210052-U

Order filed February 17, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0052 Circuit No. 17-CF-6 |
| SCOTT V. GRAENING, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: The circuit court did not err by sentencing defendant to 12 years' imprisonment where the court adequately considered all factors in mitigation.

¶ 2      Defendant, Scott V. Graening, appeals his concurrent sentences of 12 years' imprisonment for failure to report an accident and aggravated driving under the influence of alcohol (DUI). Defendant argues the La Salle County circuit court abused its discretion by not adequately considering mitigating factors. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4        Defendant pled guilty to failure to report an accident, a Class 1 felony (625 ILCS 5/11-401(b) (West 2016)), and aggravated DUI (625 ILCS 5/11-501(d)(2)(G) (West 2016)), a Class 2 felony, that by statute carried a special sentencing range of 3 to 14 years' imprisonment due to the accident causing a death. In exchange for his plea, the State dismissed several other charges. Defendant's plea included no agreement as to the sentence.

¶ 5        The factual basis for the plea established that on October 16, 2016, officers responded to a call that a motorcycle had gone off the roadway, into a field, and through a ditch. Witnesses saw defendant pulling the motorcycle upright and leaving the scene. Defendant was later found with the motorcycle and transported to the hospital, where a blood test revealed a blood alcohol content over the legal limit. The next day, law enforcement received multiple reports that a passenger may have been on the motorcycle at the time of the accident. Officers returned to the scene and found the body of Kerstin Bobst.

¶ 6        At sentencing, the State argued that defendant should receive 14 years' imprisonment. The State's argument was based on five aggravating factors: (1) the victim was over 60; (2) the sentence would deter others; (3) defendant's criminal history outlined in the presentence investigation report; (4) prior court-ordered treatment plans had not stopped defendant from drinking; and (5) the serious harm caused by defendant's actions. The State pointed to defendant's history of traffic offenses and DUI charges to support its argument.

¶ 7        Defendant countered that he did not know that someone was on the motorcycle with him, that he had a support system to care for him, and that he was a veteran. Defendant also submitted a written statement in allocution to the court, which he read at the hearing. In his statement

2

defendant expressed remorse for what had happened and told the court that he stopped drinking as a result of the accident. Defendant asked for the minimum sentence.

¶ 8 Before announcing its sentencing decision, the court stated there were certain factors it must take into consideration at every sentencing hearing. Specifically, the court noted:

> "But there's some things I do know. And when the justice system in the United States makes a decision, a hard decision, I am obligated to rely on certain factors in the statute called aggravation and mitigation, and I have to rely on those factors to somehow give me the insight into what a proper sentence would be."

¶ 9 The court stated that the strongest factors in mitigation were that defendant pled guilty and he claimed to have remorse, though the court did not believe defendant expressed enough remorse, stating,

> "I can tell remorse. I expected you to have more remorse, frankly. Everything else I said I was prepared to say, but I really expected you to have more remorse. And what's interesting is in your statement you again are concentrating on I, I, I. I need to help my parents. I need to—I have this problem. This is what I did. This is what I said. When really, the focus of your conduct should be that you understand how tragic this was, that you have done everything you can to not let it happen again, and that is missing, too.
>
> * * *
>
> *** You said you were sorry, so I'll consider that. But I don't give a lot of weight to your remorse because I just didn't see it in your statement. What I saw in your statement is you trying to explain what you did, only about you and why you did not do wrong, why you should be—why I should give you leniency.

3

That's not remorse. That's just basic not wanting to be punished, and there's a difference."

¶ 10    Additionally, the court noted that while defendant claimed to have remained sober during the pendency of his case, he did not receive professional treatment, nor did he provide the court with a plan for continued sobriety after sentencing. The court ultimately agreed with the factors in aggravation argued by the State and sentenced defendant to 12 years' imprisonment for each count, to be served concurrently.

¶ 11    Defendant filed a motion to vacate his guilty plea on May 24, 2017. The State responded with a motion to strike, arguing that the motion did not contain any new facts or law that would give the court grounds to vacate defendant's plea. Defendant appeared in court on June 15, 2017, and withdrew his motion.

¶ 12    On June 12, 2020, defendant filed a petition for postconviction relief that argued he was entitled to a motion to reconsider his sentence. In the petition, defendant alleged that the circuit court advised him that if he was unhappy with his sentence his only option would be to file a motion to vacate his plea. The petition also alleged that counsel did not adequately prepare for the sentencing hearing and then improperly filed a motion to vacate instead of a motion to reconsider sentence. Defendant argued that his due process rights were violated by the misinformation given by the court and by his counsel failing to file the right postsentence motion.

¶ 13    The court granted postconviction relief, stating that defendant was entitled to have his motion to reconsider sentence heard by the court. The court held a hearing on the motion to reconsider on January 8, 2021, where defendant presented testimony from family members that

after the accident and up until his prison sentence, he remained sober. Defendant's family also testified to his attempts to find treatment programs that were unsuccessful.

¶ 14    The court, referring to the transcripts from the original sentencing hearing, indicated that it had taken everything into consideration at that time, and that nothing had changed to alter its ruling. Regarding the prior ruling, the court stated,

> "Here's what the evidence tells me. That the justice system—you know, we don't—we do a presentence investigation for a reason. A judge doesn't sentence in a vacuum. I made it very clear to [defendant] here that he has been lucky since 1984. Fortunate so much so that he was able to drive while revoked again the night of this incident without having a care in the world or concern for consequences. Here's what I said then.
>
> That the justice system since about 1984 *** while you were violating the law and drinking and getting into trouble, community service, the evidence in this case suggests that you have been in denial. The treatment suggested for all these traffic offenses, the evidence shows that he in no way made any effort to deal with an alcohol problem which caused him to be in the position he was the day this woman died.
>
> The evidence in this case suggests—and you have to remember his statement is of record to me. He didn't testify. He gave me a statement. It's of record to me. And he still was in denial of having any alcohol problem. He said to me he still doesn't know how the accident happened. I said in my sentencing. The evidence suggested you were drunk, and you have had no serious consequences your entire life for your past drunken behavior.

And I said, here—yes, you cried, he did, he cried, and I said by his demeanor, which I have a right to observe, and I did, and his statements are in this record. I said, I think why you're so sad is that—is that you are sad that you may have to go to prison and you—he already said with I's to all the reasons he can't go to prison.

And what I said here. But you did not even make an effort. *** In his statement I tell him—I'm talking to him—I say, But you did not even make an effort to give me a plan. So he couldn't get in. I know all of this. I knew all of this. He presented he didn't have any money. He presented that his family didn't have any money. He—I gave him the benefit of the doubt by saying this.

But you didn't even make an effort to give me a plan as to why there would be no reason for me to imprison you and think you were in danger of the public by telling me you will never drink again, never.

* * *

Well, a trial judge has many factors in aggravation, many factors in mitigation, and the whole reason I'm reading what I said is I keep saying in summary, in perspective. I'm doing my job by weighing the factors. One isn't more important than the other."

¶ 15    The court denied defendant's motion to reconsider. Defendant appeals.

¶ 16                                II. ANALYSIS

¶ 17    Defendant argues his sentence is excessive because the circuit court failed to sufficiently consider the applicable mitigating factors. The State submits the court adequately considered and

6

properly balanced all the factors in mitigation and aggravation before announcing its sentencing decision.

¶ 18    A circuit court's sentencing decision is entitled to great deference because it is in a better position to consider the aggravating and mitigating factors. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). A reviewing court will not substitute its judgment for the circuit court merely because it would have weighed the factors differently. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). It is not our duty on appeal to reweigh the factors involved in the circuit court's sentencing decision. *People v. Coleman*, 166 Ill. 2d 247, 261-62 (1995). The reviewing court will not alter a defendant's sentence without a finding of abuse of discretion by the circuit court. *Stacey*, 193 Ill. 2d at 209; *People v. Jackson*, 375 Ill. App. 3d 796, 801 (2007).

¶ 19    From our review of the record, the circuit court did not abuse its discretion in sentencing defendant to 12 years' imprisonment. As an initial matter, defendant's sentence falls well within the 3- to 14-year sentencing range that accompanies an aggravated DUI conviction and the 4- to 15-year range for a Class 1 felony. See 625 ILCS 5/11-501(d)(2)(G) (West 2016); 730 ILCS 5/5-4.5-30(a) (West 2016). Moreover, because the sentence is within the applicable range, it is presumptively valid, and defendant bears the burden to rebut this presumption. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 20    We reject defendant's argument that the court failed to seriously consider defendant's lack of criminal history, remorse, sobriety, attempts to obtain treatment, and familial hardships. "When mitigating factors are presented to the court, there is a presumption that the trial court considered them, absent some contrary evidence." *People v. Payne*, 294 Ill. App. 3d 254, 260 (1998). During sentencing, counsel argued that defendant should receive a low sentence, largely due to evidence of defendant's remorse and continued sobriety since the accident. The court

indicated that it considered the arguments of both parties and found the State's arguments more persuasive. Additionally, the court specifically stated, in both the original sentencing hearing and the motion to reconsider, that it considered all statutorily required factors when making its sentencing decision. Thus, we presume that the court considered this mitigating evidence.

¶ 21    Defendant argues that his sentence is excessive given his lack of significant criminal history. While lack of a significant criminal history is an important mitigating factor, it is not the sole factor the court must consider. *People v. Oravis*, 81 Ill. App. 3d 717, 719 (1980); 730 ILCS 5/5-5-3.1(a)(7) (West 2016). It is clear from the record that the court considered this factor when determining defendant's sentence. It is also clear that the court considered and determined that it was significant that defendant in fact had a lengthy history of traffic offenses, including prior DUI and driving on revoked license charges, that did little to change defendant's sobriety before the accident. The court acknowledged that defendant never had a felony conviction but determined that carried little weight compared to the litany of traffic charges he had received.

¶ 22    Defendant also argues the court ignored that he was remorseful. The record indicates, however, that the court did consider this factor and chose not to give it much weight. The court acknowledged defendant said he was remorseful but did not see it in his statements to the court. The circuit court is in a better position to consider such factors as defendant's credibility, demeanor, and character, and we must therefore give the court's opinions on defendant's statements of remorse great deference. See *People v. Colon*, 2018 IL App (1st) 160120, ¶ 66.

¶ 23    Finally, the court considered defendant's rehabilitative potential when it discussed his contention that he had been sober since the accident. The court determined that the defendant's claim of sobriety was not credible, and that it should be given little weight given the fact that defendant never entered a treatment program and failed to provide the court with a plan for his

8

continued sobriety. Therefore, we find that the court adequately considered the relevant factors in mitigation, and we decline defendant's request to, in essence, "reweigh the factors involved in [the court's] sentencing decision." *Alexander*, 239 Ill. 2d at 214.

¶ 24    In conclusion, defendant's sentence is neither greatly at variance with the spirit and purpose of the law, nor is it manifestly disproportionate to the nature of the offense. See *id.* at 212. Accordingly, the court did not abuse its discretion by sentencing defendant to 12 years' imprisonment.

¶ 25                                III. CONCLUSION

¶ 26    The judgment of the circuit court of La Salle County is affirmed.

¶ 27    Affirmed.