**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200133-U

Order filed November 15, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0133 Circuit No. 16-CF-2509 |
| TABITHA Y. LEDWA, | ) ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:  (1) Defendant forfeited her challenge to the factual basis for her plea; and (2) the circuit court did not abuse its discretion at sentencing.

¶ 2      Defendant, Tabitha Y. Ledwa, appeals her convictions and sentences for two counts of criminal sexual assault. Defendant argues that (1) the factual basis provided at the plea hearing was not sufficient to sustain the convictions, and (2) the Will County circuit court abused its discretion when sentencing her to an aggregate term of 15 years' imprisonment. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)), five counts of criminal sexual assault (*id.* § 11-1.20(a)(4)), aggravated criminal sexual abuse (*id.* § 11-1.60(d)), and aggravated domestic battery (*id.* § 12-3.3(a-5)). Defendant pled guilty to two counts of criminal sexual assault, both Class 1 felonies, and the State dismissed the remaining charges. These counts alleged that between October 2, 2014, and October 1, 2016, defendant was over 17 years old and held a position of trust, authority, or supervision over M.M., and committed acts of sexual penetration with M.M., who was between the ages of 13 and 18. The State further reported that if he refused to cooperate, M.M. would be threatened and ordered to participate in the acts.

¶ 5        The factual basis for the plea stated that a victim sensitive interview was arranged with M.M. after an anonymous call alerted law enforcement of possible abuse. At the interview, M.M. told police that defendant was his father's girlfriend and that:

          "[H]is father and [defendant] would involve [him] in their sexual activity. ***

                    He said at that time he engaged in sex with [defendant]—I'm sorry—oral sex on [defendant] while his father had sexual intercourse with [defendant] as well.

                    He said that type of behavior, which was referred to as a threesome, happened a number of times over the years, and on those occasions there were occasions where his penis would go into [defendant's] mouth and also occasions where his penis would go into [defendant's] vagina."

M.M.'s father was present at the time of these offenses.

2

¶ 6    The court asked defendant if there was anything she wished to change or add to the factual basis, and defendant indicated there was not. The court found there was a factual basis, accepted defendant's guilty plea, and ordered a presentence investigation report (PSI). Defendant's PSI showed nine misdemeanor convictions and no prior felony convictions.

¶ 7    At the sentencing hearing, M.M. testified that he was suffering from depression because he lived with his father and defendant until after the abuse was brought to light and was then forced to move to California to live with his mother. He stated that he now stayed home a lot, was quieter, and was not as open with his friends as he was prior to the offenses. When questioned by defense counsel, M.M. testified that he was not formally diagnosed with depression and that he turned down counseling opportunities because he did not feel comfortable going.

¶ 8    While defendant did not make a statement at sentencing, she did submit a written statement for the court to read. Defendant stated that she "always thought [M.M.] looked at [her] as a support," and that she "tried to be a support system" to him. She further claimed that she would never harm M.M. or any other child.

¶ 9    The State argued that defendant caused serious harm that had grave effects on M.M. It argued for a harsher sentence even though defendant had no prior felonies, given the repeatedly egregious behavior, including plying M.M. with alcohol and using sex toys on him, will affect M.M. the rest of his life.

¶ 10    In explaining its sentencing decision, the court stated:

"[A]fter reviewing all the evidence, you did plead guilty to two criminal sexual assaults. He was a child. He did testify here that he was harmed and he has

3

continued to be harmed, and I don't know if he could see a way out of this based upon his testimony and all the evidence.

Bottom line, [defendant], is what you did was criminal. It was criminal. So it wasn't taking care of him or looking out for him. It was criminal. The sexual assaults *** have a long-lasting effect on him. So for those reasons, I don't think a minimum sentence is appropriate, but I also don't think the maximum sentence is appropriate. I am going to sentence you on each count to seven and a half years in prison. They will be consecutive. *** So that's a 15-year sentence."

The court further advised her that if she wished to appeal its decision, she must first file a motion to reconsider the sentence or a motion to withdraw her plea and start the process over, and all the charges the State dismissed would be reinstated.

¶ 11 Defendant filed a motion to reconsider sentence, arguing that the court failed to consider that she had no prior felonies, no history of sex crimes, and that her behavior was induced by M.M.'s father. She also argued that the State improperly argued in aggravation that sex toys were used during the offenses when no evidence had been presented as such and that M.M. was traumatized for life. The court denied the motion, stating:

"Well, we had a several day *** hearing, and I listened to the witnesses, I looked at the evidence in aggravation and mitigation, your co-defendant's son testified, and the way he testified in his manner and his affect, he was crushed in my observations to be a part of this with his father who was supposed to be protecting him and that didn't happen.

So I know you don't have any prior felony record, you had some misdemeanors. And this happened over a long period of time, this was not a one-

4

time thing. This was over a long course of conduct. So I mean the sentences that I could consider were a lot more than I gave you. And I considered all the evidence in aggravation and mitigation."

¶ 12    Defendant appealed, and we remanded the case for the filing of a compliant Rule 604(d) certificate and a new hearing on defendant's motion to reconsider sentence. *People v. Ledwa*, No. 3-19-0452 (2019) (unpublished minute order). In response to the parties' arguments on remand, the court said, "As far as her reduction in the sentence, I'm gonna deny the motion." Defendant appeals.

¶ 13                                        II. ANALYSIS

¶ 14                                        A. Factual Basis

¶ 15    Defendant argues that the factual basis provided at the plea hearing was insufficient because the State failed to allege how defendant held a position of trust, authority, or supervision over M.M. We find that defendant has forfeited this issue. If defendant believed an insufficient factual basis existed to support her guilty plea, the proper procedure was to file a motion to withdraw the plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "[A]ny issue not raised in a motion to withdraw a guilty plea or to reconsider a sentence after a guilty plea is forfeited." *People v. Thompson*, 375 Ill. App. 3d 488, 492 (2007). The record indicates that defendant was properly advised of the necessity to file a motion to withdraw the plea before challenging it on appeal. Defendant instead chose to file a motion to reconsider and challenge only the sentence.

¶ 16    Alternatively, defendant argues that this case should be reviewed under the theories of plain error or ineffective assistance of trial counsel for failure to raise this issue at any time before the circuit court. For defendant to argue counsel was ineffective, she must show that counsel's performance was deficient and that she was prejudiced by this deficiency. See

5

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this instance, defendant argues that counsel failed to raise the insufficient factual basis to the circuit court. Case law has established that a person of authority is not solely limited to those in a position of parenting a minor. *People v. Reynolds*, 294 Ill. App. 3d 58, 64-65 (1997). Whether a person is in a position of trust, authority, or supervision is specific to defendant's relationship to the victim. *Id.*

¶ 17　　　　In this case, defendant was the girlfriend of the victim's father and had been for several years. M.M. testified at the sentencing hearing that defendant lived with him and his father at the time the offenses occurred. M.M. was threatened with punishment if he did not cooperate, further indicating defendant was in a position of authority or supervision in her relationship with him. The record indicates that defendant at the very least held a "quasi-parental role" and thus had a supervisory role over M.M. See *People v. Secor*, 279 Ill. App. 3d 389, 394 (1996). We therefore find that there was no error in the factual basis, and consequently, no error of which trial counsel could have been found deficient. Additionally, we note that defendant's statement of allocution for sentencing included that she thought of herself as a person of support for M.M. Defendant cannot now argue that she did not hold a position of authority over the victim when her prior statements indicate the opposite.

¶ 18　　　　Further, the plain error rule may be applied only where the evidence is closely balanced or of such magnitude that defendant was deprived a fair trial. *People v. Herrett*, 137 Ill. 2d 195, 209-10 (1990). The initial step in a plain error analysis, however, is to determine whether an error actually exists. *People v. Walker*, 232 Ill. 2d 113, 124 (2009). As we have already determined that no error exists, defendant's argument regarding plain error must also fail.

¶ 19                                    B. Sentencing

¶ 20        Defendant argues that her sentence was excessive because the court did not consider

applicable mitigating factors and it placed improper weight on aggravating factors.

¶ 21        A circuit court has broad discretion in imposing a defendant's sentence. *People v. Jones*,

168 Ill. 2d 367, 373 (1995). There is a strong presumption that the circuit court based its

sentencing determination on proper legal reasoning. *People v. Dowding*, 388 Ill. App. 3d 936,

942-43 (2009). A reviewing court will not substitute its judgment for the circuit court merely

because it would have weighed the factors differently. *People v. Stacey*, 193 Ill. 2d 203, 209

(2000). It is not our duty to reweigh the factors involved in the circuit court's sentencing

decision, and we will not alter a defendant's sentence without a finding of abuse of discretion by

the circuit court. *Id.*; *People v. Coleman*, 166 Ill. 2d 247, 261-62 (1995). There is no abuse of

discretion "unless [the sentence] is manifestly disproportionate to the nature of the offense."

*People v. Franks*, 292 Ill. App. 3d 776, 779 (1997).

¶ 22        Defendant's sentence falls well within the 4 to 15-year sentencing range that

accompanies a Class 1 felony conviction. See 730 ILCS 5/5-4.5-30(a) (West 2016). Because the

sentence is within the applicable range, it is presumptively valid, and defendant bears the burden

to rebut this presumption. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 23        Defendant contends that her sentence is excessive given her lack of significant criminal

history, that the court did not consider that her offenses were not violent, or that the likelihood of

defendant reoffending was low. While these factors in mitigation are important to the analysis,

they are not the only factors the court considers. *People v. Oravis*, 81 Ill. App. 3d 717, 719

(1980); 730 ILCS 5/5-5-3.1(a)(7) (West 2018). Further, when factors in mitigation are presented

to the court, it is presumed that the court considered the evidence, absent evidence to the

7

contrary. *People v. Benford*, 349 Ill. App. 3d 721, 735 (2004). There is nothing in the record to indicate that the court did not consider the mitigating factors; in fact, the court specifically stated that it took the mitigating factors into consideration. Therefore, we find that the court did not abuse its discretion in weighing the factors in mitigation and aggravation.

¶ 24 Defendant also contends she was subjected to an improper double enhancement because the court considered whether she was in a position of authority, trust, or supervision over M.M. as both an element of the offense and as a factor in aggravation. Generally, a factor implicit in the offense may not be used as an aggravating factor at sentencing. *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). In determining whether an improper factor was considered at sentencing, we must consider the entire record, not merely the court's comments regarding the improper factor. *Dowding*, 388 Ill. App. 3d at 943. A sentence based on improper factors may not be affirmed unless we determine that the weight placed on the improperly considered factor is so insignificant that it could not lead to a different sentence. *People v. Heider*, 231 Ill. 2d 1, 21 (2008). Whether a court relied on an improper factor in imposing a sentence is reviewed *de novo*. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8.

¶ 25 Although the circuit court arguably should not have discussed defendant's position of "looking out for" M.M. as a person of authority over the victim is an inherent factor of the offense, the totality of the court's statements establish that it placed an insignificant amount of weight on this factor. The court's statement was made in response to defendant's assertion that she would not do anything to harm M.M., to which the court responded that she did in fact harm him. The court's comments show that it emphasized the nature of the offense in determining defendant's sentence and not the relationship between defendant and M.M.

8

¶ 26    The defendant's sentence is neither greatly at variance with the spirit and purpose of the law, nor is it manifestly disproportionate to the nature of the offense. See *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Accordingly, the court considered all relevant factors and did not abuse its discretion by sentencing defendant to an aggregate sentence of 15 years' imprisonment.

¶ 27                                    III. CONCLUSION

¶ 28    The judgment of the circuit court of Will County is affirmed.

¶ 29    Affirmed.